## STATE *vs.* JOHN LEDFORD.

To constitute larceny, the felonious taking must be done fraudulently and secretly, so as not only to deprive the owner of his property but also to leave him without knowledge of the taker.

LARCENY, tried before *Tourgee, J.,* at Spring Term, 1872, of the Superior Court of GUILFORD.

The defendant was charged with stealing certain pieces of fractional currency of the United States, the property of one

STATE *v.* LEDFORD.

J. C. Rees, from a drawer in a bar-room, in Greensboro', kept by one Chadwick.

The evidence was, that Rees had counted the money in the drawer on the morning of the day of the alleged theft; that in the afternoon Chadwick left the bar-room for a few minutes, and the defendant, two colored men, and perhaps others, remained in the room. While Chadwick was absent the defendant went to the drawer, pulled it out, and took something from it, which he put in his pocket. One witness testified, that he saw defendant take something from the drawer, and afterwards the defendant showed him some fractional currency, and said Rees told him to *try Chadwick.*

His Honor charged the jury that, to constitute larceny, as to the taking, all that was necessary was to prove that the defendant took the property with the intent to remove it out of the possession of the owner; and that the owner of the property, or his agent, being absent, the carrying away was secret, though done in the presence of a hundred persons. Defendant excepted.

Verdict guilty. Rule for new trial discharged. Judgment and appeal by defendant.

*Attorney General, Battle & Son,* and *Dupre,* for the State. No counsel for the defendant.

BOYDEN, J. We think his Honor was mistaken in his charge to the jury under the circumstances of this case. It was proved on the part of the State that the fractional currency was taken from the drawer of the prosecutor, in the presence of some three persons, and one of the witnesses testified that he saw the defendant open the drawer and take out something, he did not know what, and that defendant afterwards showed him some small bills and said Rees had told him to *try* Chadwick.

With the foregoing evidence his Honor instructed the jury

that to constitute larceny, as to the taking, all that was necessary was to prove that the defendant took the property with intent to remove it out of the possession of the owner. And his Honor further informed the jury that the owner of the property, or his agent, being absent, the carrying away was secret, though done in the presence of a hundred witnesses. This Court, at the present term, has decided that in an indictment for larceny " the word *feloniously* is a necessary part of the description of the offence, as it denotes, at the instant of the doing of the *act*, the disposition of the accused in doing it, which constitutes the guilty will, that renders the person criminal." But his Honor, instead of instructing the jury that the property must be taken feloniously, that is, fraudulently and secretly, so as not only to deprive the owner of the property, but also of the knowledge of the taker, tells the jury, " That to constitute larceny as to the taking, that all that was necessary was to prove that the defendant took the property with intent to remove it out of the possession of the owner;" in other words, that the merest civil trespass may constitute the crime of larceny. In this case, inasmuch as the State had proved that the defendant had said that Rees, the owner of the property, had told him *to try* Chadwick, who was the keeper of the bar, the defendant was entitled to have the question distinctly submitted to the jury, whether he took the money feloniously, or *to try* Chadwick. If the latter, that then he was not guilty.

There is error. This will be certified.

PER CURIAM.                   *Venire de novo.*