STATE v. FOY.

(Filed December 16, 1902.)

LARCENY—*Intent—Felonious—Evidence—Sufficiency.*

The evidence in this case is not sufficient to convict the accused of larceny, as it does not show that the taking was done under circumstances inconsistent with an honest purpose.

INDICTMENT against Will Foy, heard by Judge *Thos. J. Shaw* and a jury, at July Term, 1902, of the Superior Court of FORSYTH County. From a verdict of guilty and judgment thereon, the defendant appealed.

*Robert D. Gilmer, Attorney-General,* for the State.
*J. S. Lanier,* for the defendant.

COOK, J. Whether there was any evidence tending to show that defendant was guilty of the larceny of the box of candy, is the question raised by defendant's demurrer to the evidence. The only evidence introduced was that testified to by the witness Barbee, as follows: "I am employed as clerk

by Mrs. W. J. and Clarence Cromer, candy makers and con-
fectioners, in the city of Winston. Defendant, Will Foy,
had been working there for some time. On Monday, about
June 16, 1902, I saw a box of candy in the back room under
a·table. I could not tell who put it there. I watched it
every day to see if I could catch the defendant, Will Foy,
taking it away. On Friday of the same week, I sent Will
Foy in the room where the box of candy was to get some
sugar, and thought that was a good way to catch him if he put
it there. Will Foy, the defendant, went after the sugar, and
while he was gone I waited and watched for him to see if he
got the candy. He came back with the sugar and also the
box of candy. I said, 'Will, what have you got there?' He
did not say anything; I 'phoned for a policeman, and police-
man Miller came and sought the defendant and took the box
of candy away from him." Cross-examined: "I waited from
Monday until Friday trying to catch the defendant; during
the whole time the box of candy remained in the other room
under the table. I could have prevented it from being stolen,
but wanted to catch the one who put it under the table, so I
could have him punished. I sent the defendant in the room
where the candy was for some sugar, for the purpose of
catching him if he should take it. I had been missing some
candy, and I wanted to catch the thief, whoever he was."

To constitute the crime of larceny, there must be *evidence
of* a *felonious intent* in the taking. Something more than
the mere act of taking is necessary to be shown before the
jury can proceed to inquire into the intent. There must be
evidence to show that the taking was done under circum-
stances inconsistent with an honest purpose, such as when
done clandestinely, or, when charged with, denies the fact
(4 Bl., 232); or secretly (*State v. Sowls,* 61 N. C., 151;
*State v. Ledford,* 67 N. C., 60; 2 Archbold C. Prac. and
Pl., 6th Ed., 366'4); or forcibly (*State v. Powell,* 103 N. C.,

424; 4 L. R. A., 291; 14 Am. St. Rep., 821; *State v. Grigg,* 104 N. C., 882; *State v. Coy,* 119 N. C., 901); or by artifice (*State v. Deal,* 64 N. C., 270); and that there was an original felonious intent, general or special, *at the time* of the taking (*State v. Arkle,* 116 N. C., at page 1031). The evidence of the State's witness fails to show any act done by defendant inconsistent with an honest purpose, or inconsistent with the duties of his employment. The box of candy was lying under the table where, by inference, it appears it did not belong, and there is no evidence to show that defendant had put it there, or that he knew it was there. He was working for the firm, and was sent by the witness in the room after some sugar, and returned with the sugar and also the box of candy —bringing them both to the witness, clerk of the firm, who had sent him. Being asked (having the sugar and the box of candy), "What have you got there?" did not say anything, and was forthwith arrested. There is no more evidence to show that he took the candy feloniously than the sugar. He was ordered to bring the sugar, and also brought the candy, which was out of its usual place, but the taking of both was under the same conditions and circumstances. There was no artifice, trick, secrecy, concealment, force or appropriation of either. The fact of his bringing the candy, together with the sugar, was no evidence that he had placed the candy where it was found. The evidence was insufficient, and his Honor erred in not sustaining defendant's demurrer.

Error.