## LE FANTI v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit.    June 14, 1919.) .

No. 2477.

1. CRIMINAL LAW ☞1178—APPEAL AND ERROR—QUESTIONS CONSIDERED.

A proposition in a criminal case, merely mentioned during the argument, but not raised in brief, nor at trial, nor contained in the assignments of error, will not be considered.

2. RECEIVING STOLEN GOODS ☞4—CONSTRUCTIVE POSSESSION.

The doctrine that one intending to receive stolen goods, but withdrawing before committing the crime, cannot be convicted, is inapplicable, where accused had constructive possession of the property.

3. RECEIVING STOLEN GOODS ☞8(3)—CONSTRUCTIVE POSSESSION—SUFFICIENCY OF EVIDENCE.

Evidence that accused told boys who had stolen a bale of silk that his place was being watched, that he showed them where to hide the silk, etc., held to sustain jury finding that the silk passed to accused's constructive possession.

4. RECEIVING STOLEN GOODS ☞1—ELEMENTS—THEFT.

In a prosecution for receiving stolen goods, under Act Feb. 13, 1913 (Comp. St. §§ 8603, 8604), the purchase of property not actually stolen is not criminal, even if the accused buyer believed it to have been stolen.

5. RECEIVING STOLEN GOODS ☞8(3)—SUFFICIENCY OF EVIDENCE.

Evidence that accused, when offered a stolen bale of silk by express employés, told them to drive to a dump and throw it off, which they did, leaving it among bushes and weeds, etc., held to sustain a conviction for receiving stolen goods under Act Feb. 13, 1913 (Comp. St. §§ 8603, 8604).

6. RECEIVING STOLEN GOODS ☞3—BELIEF THAT GOODS WERE EMBEZZLED.

When goods actually stolen came into accused's possession, the possibility that he considered them embezzled, instead of stolen, does not invalidate a conviction for receiving stolen goods, in violation of Act Feb. 13, 1913 (Comp. St. §§ 8603, 8604).

7. CRIMINAL LAW ☞370—ADMISSIBILITY OF EVIDENCE—SIMILAR TRANSACTIONS.

In prosecution for receiving stolen goods, in violation of Act Feb. 13, 1913 (Comp. St. §§ 8603, 8604), testimony relating to a similar transaction a few days before held admissible to show accused's acquaintance with the thieves.

In Error to the District Court of the United States for the District of New Jersey; Thomas G. Haight, Judge.

Dominick Le Fanti was convicted of receiving stolen goods, and brings error. Affirmed.

For opinion below, see 255 Fed. 210.

Louis Morten, of Jersey City, N. J. (Melosh & Morten, of Jersey City, N. J., of counsel), for plaintiff in error.

Charles F. Lynch, U. S. Atty., and Samuel I. Kessler, Asst. U. S. Atty., both of Newark, N. J.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before BUFFINGTON and WOOLLEY, Circuit Judges, and DICKINSON, District Judge.

DICKINSON, District Judge. The following outline statement of facts presents the questions involved in this writ of error:

The defendant in the court below was a saloon keeper. Two boys had stolen a bale of silk. This they took to Le Fanti's saloon, to be turned over to him. He was, in the slang of the underworld, the "fence." They had before brought silk to him, for which he had afterwards paid them $120, or some such sum. When they brought the bale with which we are now concerned, they told him they had "another bale." He warned them that he and his place was being watched, and directed them to take the bale to "the dumps," and that he would follow them in his automobile to get it. He did follow and overtook them, and signaled them to go in the same direction he was going. Later on he signaled them to drop the bale, which they did, leaving it among some bushes or weeds. The boys then left the place, and the defendant returned to his saloon. The boys were taken into custody on their way back from the dump, and Le Fanti at his home. The silk was not found at his place, but was found where the boys had left it. There was no evidence that the stolen property had ever been in the actual, physical, personal possession of Le Fanti. The three were indicted jointly as receivers, and the guilty possession charged to be the possession of all. The stolen property was part of an interstate shipment, and no question of the federal character of the offense is raised. Le Fanti (who sued out this writ of error) was separately tried under the indictment; the other defendants not being at the time brought to trial.

The questions raised by the assignments of error (so far as they were raised at the trial) were raised by objections to the introduction of evidence, by motion to strike out evidence, by motions for a directed verdict, by requests for charge, and by exceptions to the charge of the court. The court afterwards, in order to give opportunity for a full argument of all the questions involved, allowed a rule to show cause why the verdict of conviction should not be set aside because of alleged errors. This rule was discharged, and the defendant sentenced. The opinion accompanying the discharge of the rule is reported in (D. C.) 255 Fed. 215. The propositions discussed by counsel for plaintiff in error will be considered in a different order from that of the several assignments of error on which they are based.

[1] One suggested at the argument at bar (although not discussed beyond its mere statement) was that, where two or more persons are jointly indicted, charged with having the guilty possession of stolen property, the prosecution must prove a joint possession, in order to warrant the conviction of any of the defendants. We find no reference to this broad proposition in the printed brief submitted, and no trace of it in any trial ruling which the trial judge was asked to make, nor is the proposition in this broad form to be found made the basis of any of the assignments of error. In consequence we assume the point involved not to be now made. This may be because

it was not made during the trial, or because the plaintiff in error is content with the disposition made of it by the court below in refusing the defendant a new trial. At all events, it is in this form not before us. There is presented, however, a proposition which, to some extent at least, involves this in an amended form. It is laid down in the printed brief in the following form:

"Where two or more persons are charged jointly with having the possession of stolen property, the prosecution must prove a joint possession in order to warrant the conviction of the defendants; if the proofs show a separate and successive possession, then only the first offender can be convicted of having such possession."

The question which, in the view of counsel, is involved in the proposition thus formulated, is presented and discussed in several different forms. It is not entirely clear just what application the stated principle has to the facts of this case, nor, indeed, just how far the principle, as it is stated, is meant to go.

The argument proceeds upon the fact that the three persons indicted were jointly indicted, charged with the offense (stripped of its other features) of jointly receiving and having in their joint possession stolen property, etc., and upon the other fact that the proofs were that two of the defendants had stolen, and the other indicted defendant (the plaintiff in error) had received, and the conclusion reached is that "the defendants" could not be convicted under this indictment of receiving, because the proofs showed, not a joint possession, but separate successive possessions. The argument admits, however, that the "first offender can be convicted of having such possession."

Just what application the proposition, as above stated, has to the facts of this case, is not clear. It is coupled with the second proposition that the possession of the thief cannot be also held to be the possession of a receiver. Neither this second proposition, whether well or ill founded, nor the proposition above quoted, has any relation to the facts of this case, otherwise than in their possible bearing upon the proposition which counsel has dropped.

The plaintiff in error is charged in the indictment to have been a receiver. He was not shown to have been the original thief. The only bearing of either of the points attempted to be made is, in consequence, that as the other defendants were proved to have been the thieves, if their possession as thieves (as the second proposition asserts) negatived their possession as receivers, there could be no joint possession as receivers in them and the plaintiff in error

This brings us to the proposition which we have described as dropped. It means that no one of a number of defendants jointly indicted as receivers can be convicted without proof of a joint possession, and is the equivalent of saying that good pleading would require that, in addition to charging all the defendants with having the stolen property in their possession, they should be further charged so as to meet all the possibilities of any two or more (less than the whole number) having such possession, or any one of them having the property in his sole and separate possession. This is so because (if the proposition be sound), if more than one be charged with the of-

fense of receiving, and the proofs indicated that any one of them had not been a party to the possession, all must be acquitted, although the guilt of the others was clear. It would also follow that, if there was a severance, and one defendant alone was on trial, the possession of all must be proved, or he must be acquitted, and the acquittal of any one of the defendants must work the acquittal of all.

This position was taken before the court below on the motion for a new trial, and was discussed and disposed of by the trial judge in a clear statement of his views. The position, as already stated, was not taken at the trial, and the question involved has not been presented to this court. The proposition first quoted, however, admits that "the first offender" may be convicted, and the cases cited in support of it show, what is very often the result of trials on joint indictments, that some of the defendants may be (and are) found guilty and the others indicted with them acquitted.

The propositions thus advanced can have no other bearing than whatever support they give to the propositions next discussed, involving and raising the questions of whether there was such possession in the plaintiff in error to constitute the crime of receiving, and whether the evidence of this possession was sufficient to warrant his conviction. This is the main point attempted to be made.

[2, 3] Several of the remaining propositions (based upon the third assignment) may be condensed and considered together. The effort made is to invoke the principle that a defendant, who is only shown to have intended to commit the crime of receiving, but who while in loco pœnitentiæ withdraws from the commission of the crime and refuses to be guilty of the act of receiving, cannot be convicted of that offense. This doctrine would be accepted without the cases cited in its support. It has, however, no application to the facts of this case as found by the jury. There is no room for such application, if the defendant on trial had possession of the stolen property. Such possession, therefore, is the turning point. The boys who stole the property had the actual physical possession. They surrendered this when they placed the bale of silk upon the dump and left it hidden in the weeds. One of three, or at least four, inferences is to be drawn. They deposited it in its hiding place so that they might return to get it. If so, they retained its possession. They put it where they did, so as to rid themselves of it. If so, they abandoned it. They left it where they did at the direction of the plaintiff in error in the act of its delivery or the transfer of its possession to him, leaving him in control and dominion over it. If so, he was in possession. It is not necessary that he should take manual possession of it. His possession was none the less real, and he the receiver of the property within the meaning of the statute, although such possession was constructive, and he had no opportunity to physically grasp it. The finding of such possession in him was made by the jury under evidence which not only warranted, but compelled, the finding.

The fourth possibility referred to is that the stolen property was hidden for the purpose of being placed in the possession of some one else. Of this there was no evidence.

[4, 5] Another proposition is advanced to the effect that the evidence did not show the guilty knowledge on the part of the plaintiff in error, which is an essential element of the crime charged. The statute (Act Feb. 13, 1913, c. 50, 37 Stat. 670 [Comp. St. §§ 8603, 8604]) which makes the act charged a crime was passed to promote a policy of the law. The policy is to discourage thefts by making it difficult for the thief to dispose of stolen property. One dealing with property in the possession of another may deal with any one of several beliefs in mind. He may think the vendor to be the lawful owner of the property, or have other lawful right to sell. If such be his belief, he is not guilty of the crime of receiving, although the property be in fact stolen property. He may believe (and this is knowledge) that the one offering him the property is selling that of which he is not the owner, and of which he has no lawful right to dispose. He may not know from whom the property was stolen, or when it was stolen, or who stole it, or the circumstances under which it was stolen; but, if with the guilty knowledge in his mind that the real owner has been deprived of his property, it is bought or otherwise received, and the fact is that the property was stolen, the receiver may be found guilty of the crime defined in the statute under which the defendants were indicted in this case. Such a receiver cannot exculpate himself, because he might have thought that the property had been embezzled. If the property was in fact stolen, and there is that guilty knowledge in the mind of the receiver, which negatives the thought that he bought innocently what he thought he had the right to buy, the fact of actual theft, coupled with the fact of such guilty knowledge, supports a finding that he received the property knowing it to have been stolen. Inasmuch as the statute defines the crime as one including both the fact of theft and the fact of knowledge of the theft, it follows that, if there was no theft, the buying of the property is not criminal, even if the buyer believe the property to have been stolen.

[6] Here there was abundant evidence to find both the fact of theft and the knowledge of the receiver that the property had been stolen. The theoretical possibility (for this is all which is urged) that the information which brought home to him (as the jury has found) knowledge that the property was stolen, might have induced him to believe that the property had been embezzled, does not disturb either the fact finding that it was stolen or the fact finding that the receiver knew it. The trial judge, in the opinion filed in this case, has made the soundness of this ruling so clear that further comment or citation of other authorities than those cited by him is unnecessary.

The complaint of the charge of the court in the argument at bar (no trace of which is, however, to be found in the assignments of error) that the court had instructed the jury that the property had been stolen, instead of submitting the question of theft as one of fact to be found, is based upon a misunderstanding of the charge. The question was submitted and left wholly to the jury.

The complaints of the charge (voiced in the sixth and other assignments of error) have no other basis than the assignments of error which have already been considered. The charge was clear, fair,

and impartial. Indeed, no fault is or could be found with it, if (as has been ruled) it was without error in its statement of the law.

[7] The only remaining assignment calling for comment is the first. The complaint is that evidence in the form of testimony was admitted of the fact that the defendant on trial had another transaction with his codefendants without proof that the property then bought had been stolen, or that the transaction was not an innocent one.

We see no error in the admission of this evidence. It was permissible to show all the knowledge which the receiver of this stolen property had. A part of his knowledge was his knowledge of the boys who brought him the silk. The previous sale was evidence of his acquaintance with them. They were not strangers. This fact bore upon the question before the jury. It was in itself a mere circumstance. It may have had very little, if any, appreciable value as evidence in itself. This, however, would go to the weight of the evidence, not its admissibility.

The prior transaction had another significance. The boys had brought and turned over to Le Fanti this first bale. There was no agreed sum which he was to pay them. He afterwards paid them $120 (or whatever the sum was). They afterwards brought the bale which figures in this indictment, and (as the jury has found) delivered it to him with the statement that this was "another bale." Had the instant transaction been an honest one and the defendant sued for the price, evidence of the former transaction would have been admissible as bearing upon the right of the vendors to receive the same price before paid. It, therefore, had a bearing upon the question of the sale of the stolen property, and because of this upon the question of its delivery and possession.

The assignments of error are all overruled, and the judgment of conviction and sentence affirmed.