STATE v. ED GADDY, ARNIE CARLYLE, LUTHER SMITH, AND ROBERT COMER.

(Filed 11 December, 1935.)

**Receiving Stolen Goods B c—Evidence held insufficient to overrule motion to nonsuit on charge of receiving stolen goods.**

Evidence tending to show that the prosecuting witness had several twenty-dollar bills in his possession, to the knowledge of defendants, while riding in an automobile with defendants, that the next morning his money was gone, that he went to the house of appealing defendant, who gave him a twenty-dollar bill upon being informed of the loss or theft of the money, the appealing defendant stating that he supposed it belonged to the prosecuting witness, with testimony of the appealing defendant that he did not know before the conversation that prosecuting witness had lost any money, and that he had found the twenty-dollar bill on the ground as the party got out of the car to go into a filling station, *is held* insufficient to be submitted to the jury on the issue of appealing defendant's guilt of receiving stolen goods knowing at the time they had been stolen.

APPEAL by defendant Gaddy from *Shaw, Emergency Judge,* at August Special Term, 1935, of MOORE. Reversed.

The defendants Ed Gaddy, Arnie Carlyle, and two others were indicted for the larceny of a sum of money from M. G. Pilson, with a second count in the bill charging the defendants with receiving said property knowing it to have been stolen. The defendant Carlyle was convicted of larceny and did not appeal.

Defendant Gaddy was found guilty of receiving stolen goods knowing them to have been stolen, and from the judgment thereon appealed.

The other defendants named in the bill were not on trial.

Defendant Gaddy moved for judgment of nonsuit at the close of the State's evidence and again at the close of all the evidence, and excepted to the overruling of these motions.

*Attorney-General Seawell and Assistant Attorneys-General Aiken and Bruton for the State.*

*W. R. Clegg for the defendant Gaddy.*

DEVIN, J. The appealing defendant's exception to the overruling of his motions for nonsuit challenges the sufficiency of the evidence to warrant his conviction for receiving stolen goods knowing them to have been stolen, and upon a careful consideration of the evidence, as shown by the record before us, we reach the conclusion that there was not sufficient evidence to be submitted to the jury upon the second count in the bill, to wit: Receiving stolen goods knowing them to have been stolen.

The jury by their verdict have acquitted him of the larceny charged in the first count.

The record shows that the State offered the following evidence, in substance, in support of the charge:

The prosecuting witness Pilson testified that on a Saturday night in January, 1934, he had seven twenty-dollar bills on his person, that he was under the influence of intoxicating liquor, that he got in an automobile with the defendants Carlyle, Smith, Comer, and Gaddy, and drove to Charley Boaz's filling station near Cameron; that he showed his money and tried to leave it with Boaz for safekeeping, but they told him to keep his money, as they were going to take him home, and he got in the car with them; that later he got out of the car again with the intention of giving his money to Boaz, but Carlyle took him by the shoulder and said: "No use to give up your money, we are going to take you home now;" that he went back and got in the car and they drove off; that Carlyle and Comer were on the front seat with him, and Smith and Gaddy were in the rumble seat; that Carlyle and Comer took his money from him while he was in the car; that on the following Tuesday he went to Gaddy's house and told of his loss and made inquiry about his money, and Gaddy said he knew nothing about the larceny, and said: "I reckon I have got $20.00 of your money. I suppose it is yours—it is in the house," and he went in the house and got it and gave it to him, and said he found it on the running board at Lakeview at Garner's place. Witness testified that was the only money he ever recovered.

D. H. Garner, a witness for the State, testified, in substance, that on Sunday morning following the alleged larceny he saw Carlyle, Comer, Smith, and Gaddy at his lunch stand in Lakeview; that Carlyle came in the back of his place, and he saw him smoothing out six twenty-dollar bills; that Gaddy was not present when Carlyle was counting the money.

The defendant Gaddy testified in his own behalf that he didn't know at the time that Pilson had lost any money; that when they got down to Garner's place Sunday morning those in the front seat got out and started in the filling station, and then he got out and happened to look on the ground and saw a twenty-dollar bill lying there, and picked it up and put it in his pocket.

This evidence, though it may give rise to conjecture and suspicion, is not of sufficient probative force to be submitted to the jury on the charge of receiving stolen goods knowing them to have been stolen, and the motion for nonsuit should have been allowed. *Wittkowsky v. Wasson,* 71 N. C., 451; *State v. White,* 89 N. C., 463; *State v. Oakley,* 176 N. C., 755; *State v. Melton,* 187 N. C., 481; *State v. Stathos,* 208 N. C., 456.

For the reasons given the judgment is

Reversed.