STATE v. BEATRICE MONROE COLLINS.

(Filed 14 April, 1954.)

**1. Receiving Stolen Goods § 1a—**

The offense proscribed by G.S. 14-71 is the receiving with felonious intent the goods or property of another knowing at the time that the same had been feloniously stolen or taken away. If the property was not stolen or taken from the owner in violation of statute, as where the original taking was without felonious intent or was not against the owner's will or consent, the receiver is not guilty of receiving stolen property.

**2. Receiving Stolen Goods § 6—**

Defendant was charged with larceny and receiving. The State failed to prove her guilt of larceny of the goods, and while items of clothing which defendant possessed were identified as having come from two stores, or were of the brand and make carried by them respectively, there was no direct evidence that these items had been feloniously stolen from the stores, and the question was left in mere speculation or conjecture. *Held:* Defendant's motion for nonsuit should have been allowed.

APPEAL by defendant Beatrice Monroe Collins from *Grady, Emergency Judge,* January Term 1954 of ONSLOW. Reversed.

This is a criminal action in which the defendant and one Henrietta Monroe were tried upon two bills of indictment, which by consent were consolidated for trial. The first bill of indictment in the first count charged the defendant and Henrietta Monroe on 5 August 1953 with the larceny of several men's sweaters, ladies' gowns, infants' wear and other miscellaneous items of merchandise of the value of $250.00, the property of Belk's Department Store, Inc.; the second count in this bill of indictment charged them with receiving this property knowing it to have been feloniously stolen, taken and carried away. The second bill of indictment in the first count charged them on 5 August 1953 with the larceny of one Eagle suit, seven Holbrook sport shirts and seven children's dresses of the value of $250.00, the property of Margolis' Department Store; and the second count with receiving this property knowing it to have been feloniously stolen.

The State's evidence tended to show the following facts:

About 4:00 p. m. on 5 August 1953 the defendant and Henrietta Monroe stopped an automobile near a field about two miles from the Town of Newport, Carteret County. They got out of the car and carried three or four boxes into the field, leaving them there. In these boxes were a suit of clothes, several dresses, sweaters, baby clothes, shirts, pants, shoes and other things. These boxes were placed in an open field where there were beans 2½ or 3 feet high. Y. Z. Simmons, who saw these boxes put in his field, carried the boxes to his house, and notified the officers. The

goods shown to Simmons in court looked like the goods he carried from the field.

Sheriff Salter first saw these goods in the back seat of the car of the Chief of Police at Newport about 5:30 p. m. that afternoon. Douglas Monroe is the husband of Henrietta Monroe, and the brother of the defendant. In the presence of his wife and the defendant, he said he was supposed to pick up some things at Newport for the defendant; that he didn't know what he was to pick up. The defendant and Henrietta Monroe denied everything Douglas Monroe said. Before talking to Douglas Monroe, the Sheriff went to the field and concealed himself. He saw the defendant drive up in a car, get out, go into the field and walk about 30 feet, looking from side to side. When she returned to the car, the Sheriff asked her why she was there and she replied a call of nature. On several items were Margolis' tags and Belk's tags. Some of the merchandise had identification marks, and some did not.

Margolis' Department Store is in Jacksonville, and Belk has a department store in the same town. Belk's Store handles Parrott shoes. A Parrott shoe taken from the field had Belk's tag and code number on it. On the morning of 5 August 1953, Belk's Store put out in the store some shirts and Jansen sweaters. That afternoon a lot of them were missing. The sales tickets did not account for them. Lingerie found in the field was not identified, because it had no Belk's tags on it. Belk's Store handles the type sweater found in the field, though the only witness for Belk's Store couldn't say whether the sweater was one of Belk's or not. The defendant and Henrietta Monroe were in Belk's Store about 10:00 a.m. on 5 August 1953. An employee of the store watched them, but did not see them take anything. On cross-examination this witness said: "I wouldn't say these shoes came from our store. I only know we handle shoes of that brand and make."

The sole witness for Margolis' Department Store was Mr. Margolis. On or about 5 August 1953, he missed six Holbrook sport shirts, which he had received and marked the afternoon before, and had put out in the store the next morning. A shirt was shown to him by the Solicitor, and Mr. Margolis said: "That is one of the types of shirts we sell, and that same design we had just gotten in." He identified a box as having his cost mark written on it. He also identified some children's dresses that had his cost mark on them. The Solicitor showed him a man's suit, Eagle brand. His store is the only store in Jacksonville that handles such a brand. The labels had been ripped out of this suit; the other tags were still on it. On cross-examination he testified he didn't know whether one of his clerks had sold the suit or not—he did not know how long it had been out of the store. He was shown two pairs of pants, a shirt from the box with his code number on it, and other items, and on cross-examination

he said he didn't know how they got out of the store, and didn't know whether they were stolen or not. On redirect examination he said some shirts disappeared the morning they were put out, and so far as he knew there were no cash receipts for them.

The defendant and Henrietta Monroe offered no evidence.

Verdict: Not Guilty as to the defendant and Henrietta Monroe of larceny as charged in each indictment: Guilty as to the defendant and Henrietta Monroe of receiving stolen property, knowing it to have been stolen, as charged in both indictments.

Judgment: As to the defendant Beatrice Monroe Collins, imprisonment in the State's prison; as to Henrietta Monroe, imprisonment in the State's prison, which sentence was suspended and she was placed on probation.

Beatrice Monroe Collins alone appeals, assigning error.

*Harry McMullan, Attorney General, Ralph Moody, Assistant Attorney General, and Max O. Cogburn, Member of Staff, for the State.*
*Luther Hamilton and Luther Hamilton, Jr., for defendant, appellant.*

PARKER, J.   The offense of receiving stolen goods is set forth in G. S. N. C. 14-71. That statute in part reads: "If any person shall receive any chattel, property, money, valuable security or other thing whatsoever, the stealing or taking whereof amounts to larceny or a felony, either at common law or by virtue of any statute made or hereafter to be made . . ."

To convict the State must prove that the defendant, with felonious intent, received the goods, the property of another, knowing at the time that the same had been previously stolen or taken from the owner in violation of G. S. N. C. 14-71. An essential element of the offense is that the goods had been previously stolen or taken from the owner in violation of the statute at the time of receipt by the defendant. If the property was not stolen or taken from the owner in violation of the statute, as where the original taking was without felonious intent, or was not against the owner's will or consent, the receiver is not guilty of receiving stolen property. *S. v. Brady,* 237 N.C. 675, 75 S.E. 2d 791; *S. v. Yow,* 227 N.C. 585, 42 S.E. 2d 661; *S. v. Oxendine,* 223 N.C. 659, 27 S.E. 2d 814; *S. v. Shoaf,* 68 N.C. 375; *Kirby v. U. S.,* 174 U.S. 47, 43 L. Ed. 890; 26 N. C. Law Review 192, *et seq.;* 76 C. J. S., Receiving Stolen Goods, Sec. 2a; 45 Am. Jur., Receiving Stolen Property, Sec. 5.

"Inasmuch as the statute defines the crime as one including both the fact of theft and the fact of knowledge of the theft, it follows that, if there was no theft, the buying of the property is not criminal, even if the buyer believes the property to have been stolen." *Le Fanti v. U. S., N. J.,* 259 F. 460, 170 C. C. A. 436.

*Farzley v. State,* 231 Ala. 60, 163 So. 394, is a case of receiving stolen property. The Court said: "But it is essential to the crime here charged that the goods received by defendant were stolen and retained that status until they were delivered to defendant."

The defendant assigns as error the refusal of the trial court to allow her motion for nonsuit as to each count in each indictment. The jury acquitted the defendant and Henrietta Monroe as to the larceny counts in both indictments.

Mr. Margolis testified that he did not know how the goods shown him got out of his store, and did not know whether they were stolen or not. The sole witness for Belk's Department Store said in respect to the shoes shown him "I wouldn't say these shoes came from our store; I only know we handle shoes of that brand and make"; and in respect to a sweater shown him, all he said was Belk's handles that type sweater, but he couldn't say whether the sweater was one of Belk's or not.

The evidence, considered in the light most favorable to the State, though it may give rise to speculation and conjecture, is not of sufficient probative force to be submitted to a jury under the second counts in each indictment because this essential element of the offense of receiving stolen property that the property put out in the field by the defendant and Henrietta Monroe had been previously stolen or taken from the owner or owners in violation of G. S. N. C. 14-71 is lacking. *S. v. Smith,* 236 N.C. 748, 73 S.E. 2d 901; *S. v. Gaddy,* 209 N.C. 34, 182 S.E. 667; *S. v. White,* 89 N.C. 462; *Wittkowsky v. Wasson,* 71 N.C. 451.

The State in its brief in discussing the counts of receiving stolen property relies upon *S. v. Holder,* 188 N.C. 561, 125 S.E. 113. The case is not in point. In the opinion the Court says: "It is the position of the defendants that they cannot be convicted of larceny, but only of forcible trespass, because of the open manner in which the property was taken."

It is ordered that the conviction under each indictment and the sentence of the appellant be vacated, as we sustain her motion for a compulsory nonsuit.

Probably the merchandise carried into the field by the defendant and Henrietta Monroe had in fact been previously stolen, but sufficient evidence of that does not appear in the Record, and we cannot go out of the case sent up.

Reversed.