STATE v. LACY JACOBS.
AND
STATE v. JOHN OWENS.

(Filed 14 January, 1960.)

**1. Larceny §§ 1, 8—**

The wrongful asportation of the goods of another must be done with the felonious intent to appropriate the goods to the taker's own use in order to constitute larceny, and an instruction which omits the element of *animo furandi* must be *held* prejudicial.

APPEAL by defendants from *Hobgood, J.,* Regular March 1959 Term, of ROBESON.

Criminal prosecution upon separate bills of indictment charging Larceny and Receiving Stolen Property. The cases were consolidated for trial.

Plea: Not Guilty by each defendant.

Verdict: Guilty as to each defendant of felonious larceny.

From judgments of imprisonment, each defendant appeals.

*Malcolm B. Seawell, Attorney General, and Glenn L. Hooper, Jr., Assistant Attorney General,* for the State.

*Britt, Campbell & Britt* for defendants, appellants.

PER CURIAM. Defendants assign as error this part of the charge: "The Court instructs you that larceny is the felonious taking and carrying away of the personal property of another."

Defendants further assign as error this part of the charge: "Now, gentlemen of the jury, if you find from this evidence, bearing in mind the instructions which the Court has given you, as to the law, that on the 10th of October, 1958, the two defendants together, that is Lacy Jacobs and John Owens, did go upon the premises of Sallie Oxendine and did then and there take, steal and carry away from said premises a thousand pounds of seed cotton, the same being the property of Sallie Oxendine and Raymond Jones, and if you find these facts beyond a reasonable doubt, you will find these two defendants, or whichever one of these defendants, you so find beyond a reasonable doubt, guilty of the felonious larceny of said cotton."

The parts of the charge set forth above are clearly erroneous, in that he did not charge, *inter alia,* that the taking must be done *animo furandi,* with a felonious intent to appropriate the goods taken to the defendants' own use. The Attorney General, with commendable candor, confesses error. *S. v. Booker,* 250 N.C. 272, 108 S.E. 2d 426; *S. v. Cameron,* 223 N.C. 449, 27 S.E. 2d 81; *S. v. Holder,* 188 N.C.

561, 125 S.E. 113; *S. v. Kirkland,* 178 N.C. 810, 101 S.E. 560, where proper definitions of larceny are given.

Defendants are entitled to a new trial, and it is so ordered.

New trial.