STATE OF NORTH CAROLINA v. WILLIAM EDWARD MALLOY

No. 825SC549

(Filed 4 January 1983)

**1. Receiving Stolen Goods § 2— possession of stolen goods—failure to allege possessed property "stolen"—indictment nor statute invalid**

In a prosecution for possession of stolen goods, the bill of indictment followed the language of G.S. § 14-71.1, and the statute does not require that the indictment allege the property allegedly possessed by defendant was "stolen property."

**2. Receiving Stolen Goods § 5.2— possession of stolen property—sufficiency of evidence on element of "possession"**

The evidence was sufficient on the element of "possession" in a prosecution for possession of stolen goods where the evidence tended to show that a gun shop was burglarized; that an undercover law enforcement agent purchased stolen weapons from the defendant on the day after the burglary; that the agent paid the defendant $125.00 after inspecting the weapons in the presence of an unidentified individual, but in close physical proximity to the defendant; and that prior to handing payment to the defendant, the agent received confirmation from the defendant that the purchase price of the weapons was $125.00.

**3. Criminal Law § 162— objection to question but no motion to strike—exception not preserved**

In a prosecution for possession of stolen property where an undercover officer testified that his reason for coming to Wilmington on a certain date was "for the purpose of making undercover purchases of firearms from [defendant]" and where defendant objected to the question but failed to move to strike the answer, the exception was not properly preserved on appeal. Further, there was no prejudice to defendant by the admission of the witness's answer since the officer later testified that he did in fact purchase the two weapons described in the indictment from the defendant.

**4. Criminal Law § 145.5— restitution as condition for work release or parole— supported by evidence**

The trial court's order that defendant pay restitution as a condition of obtaining work release or parole was supported by ample evidence.

Judge BECTON dissenting.

APPEAL by defendant from *Barefoot, Judge.* Judgment entered 6 January 1982 in Superior Court, NEW HANOVER County. Heard in Court of Appeals 17 November 1982.

The defendant was charged in a proper bill of indictment as follows: ". . . did feloniously possess the following items of per-

sonal property, to wit: one Interarms 30/06 rifle mark 5 and one Marlin Glenfield 20 gauge shotgun; the personal property of Charles D. Todd DBA: Todds Gun Shop, having a value of $600.00, having reasonable grounds to believe the same to have been feloniously stolen or taken after the felonious breaking or entering of a building occupied by Charles D. Todd DBA: Todds Gun Shop, used as a business located at 113 S. Front Street, Wilmington, N.C. in violation of G.S. 14-71.1"

The defendant was found guilty as charged, and from a judgment imposing a prison sentence of not less than three nor more than five years, he appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Reginald L. Watkins for the State.*

*Ernest B. Fullwood for the defendant, appellant.*

HEDRICK, Judge.

[1] Defendant's first Assignment of Error is set out in the record as follows: "The indictment fails to state that the personal property allegedly possessed by the defendant was stolen, an essential element of the offense 'possession of stolen goods' as required by G.S. 15A-924(a)(5)." We note the sufficiency of the bill of indictment was not challenged in the trial court. Defendant purports to base his first Assignment of Error on an exception noted in the record to the bill of indictment. Such an exception does not challenge the sufficiency of the bill. However, we treat the Assignment of Error, and defendant's argument in his brief in support thereof, as a motion for appropriate relief on the grounds that the bill of indictment is fatally defective because it fails to allege that the property allegedly possessed by the defendant was "stolen property," an essential element of the offense described in G.S. § 14-71.1. The statute provides in pertinent part:

> If any person shall possess any chattel, property, money, valuable security or other thing whatsoever, the stealing or taking whereof amounts to larceny or a felony, either at common law or by virtue of any statute made or hereafter to be made, such person knowing or having reasonable grounds to believe the same to have been feloniously stolen or taken, he shall be guilty of a criminal offense. . . .

In this case the bill of indictment follows the language of the statute. The language in the bill ". . . asserts facts supporting every element of a criminal offense and the defendant's commission thereof with sufficient precision clearly to apprise the defendant . . . of the conduct which is the subject of the accusation." G.S. § 15A-924(a)(5).

If the bill is fatally defective, the statute is also invalid. We are not prepared to declare G.S. § 14-71.1 fatally defective. The Motion for Appropriate Relief is denied.

[2]  Next defendant assigns error to the denial of his motions for judgment as of nonsuit, and to set aside the verdict. In his brief, defendant argues that the evidence was not sufficient on the element of "possession." We disagree.

The State's evidence tends to show that Todd's Gun Shop was burglarized on the 23rd or 24th day of September, 1980. All of the guns were taken and no one had been authorized by the owner of the gun shop to enter his business after closing on 23 September 1980. On 25 September 1980 an undercover law enforcement agent purchased weapons identified in the indictment from the defendant. The agent paid the defendant $125.00 after inspecting the weapons in the presence of an unidentified individual, but in close physical proximity to the defendant. Further, prior to handing payment to the defendant, the agent received confirmation from the defendant that the purchase price of the weapons was $125.00. This is apparent from the following excerpt of the agent's testimony:

> I went up to Eddie [the defendant] and said 'A hundred and twenty-five dollars right?' and he said, 'yeah.' I took the hundred and twenty-five dollars out of my pocket and gave it to him.

In view of the above, we hold that there is substantial evidence in this record as to each element of the offense charged in the bill of indictment. From the evidence in the record, the jury could find that the two guns described in the bill of indictment were stolen, that the defendant was in possession of the guns, and that the defendant knew or had reasonable grounds to believe that the guns were stolen. The Assignment of Error is not sustained.

[3] Next, the defendant contends the trial court erred to his prejudice by not sustaining his objection to the following question addressed to the undercover officer who purchased the guns from the defendant:

> Q. What was your reason for coming to Wilmington the 24th of September, 1980?

MR. FULLWOOD: OBJECTION.

The witness responded as follows:

> A. For the purpose of making undercover purchases of firearms from Eddie Malloy.

"Motion to strike must be made immediately after the testimony objected to is given, in order to preserve an exception to the admission of the evidence, and where the answer is not responsive, a motion to strike is necessary." 12 N.C. Index 3d, *Trial* § 15.4 (1978).

The defendant did not move to strike the evidence challenged by this exception. In our opinion, a motion to strike the answer was necessary to preserve an exception to the evidence under the circumstances of this case. Assuming *arguendo* that the evidence challenged by this Assignment of Error was irrelevant, we do not perceive how the defendant could have been prejudiced by its admission since the officer later testified that he in fact did purchase the two weapons described in the indictment from the defendant. The Assignment of Error is not sustained.

[4] Finally, defendant contends the trial court erred in denying his Motion for Appropriate Relief made pursuant to G.S. § 15A-1414(b)(4). The trial court entered an order that the defendant pay restitution to the victim, Charles Todd, in the amount of $1500 "as a condition of attaining work release privilege or parole. . . ." The defendant argues there was no evidence introduced at trial or at the sentencing hearing which supported the order that he pay restitution in the amount of $1500. We disagree.

It is well settled that the trial court has discretionary authority to recommend restitution as a condition of obtaining parole. Further, any order or recommendation of the trial court for restitution must be supported by the evidence. G.S.

§ 15A-1343(d); *State v. Killian,* 37 N.C. App. 234, 245 S.E. 2d 812 (1978). In the present case, the evidence tended to show that a gun shop owned by Charles Todd was burglarized, resulting in major structural damage; that eight guns worth about three thousand dollars were stolen; that knives and other merchandise were stolen; and that the shop was ransacked. In view of these factors, the trial court's order that the defendant pay restitution in the amount of $1500 as a condition of obtaining work release or parole is supported by ample evidence. The defendant had a fair trial free from prejudicial error.

No error.

Judge WEBB concurs.

Judge BECTON dissents.

Judge BECTON dissenting.

This case is exceedingly close, procedurally and factually. Procedurally, the majority upholds the indictment essentially because the majority is "not prepared to declare G.S. § 14-71.1 [the possession of stolen goods statute] fatally defective." Ante, p. 3. Factually, the majority finds no error in Officer Jones' testimony that he came to Wilmington "[f]or the purpose of making undercover purchases of firearms from [the defendant]," because "the officer later testified that he in fact did purchase the two weapons described in the indictment from the defendant." Ante, p. 5. Disagreeing with the majority's procedural and factual resolution of these two points, I dissent.

I

N.C. Gen. Stat. § 15A-924(a)(5) (1981) requires that a criminal pleading contain a plain and concise factual statement asserting facts which support *every element of a criminal offense.* An indictment which is fatally defective because of its failure to charge a criminal offense is not cured by a reference in the indictment to the statute under which one is charged. *State v. Cooke,* 272 N.C. 728, 158 S.E. 2d 820 (1968); *State v. Walker,* 249 N.C. 35, 105 S.E. 2d 101 (1958). Moreover, if an offense is not sufficiently charged in the indictment, appellate courts can, *ex mero motu,* arrest the

judgment. *State v. Cole*, 294 N.C. 304, 310, 240 S.E. 2d 355, 359 (1978); *State v. Walker*, 249 N.C. at 38, 105 S.E. 2d at 104.

In this case, the State sought to charge the defendant William Edward (Eddie) Malloy with the offense of possessing stolen goods. An essential element of this offense is that the goods be stolen. *State v. Davis*, 302 N.C. 370, 373, 275 S.E. 2d 491, 493 (1981). In my view, the indictment in the case *sub judice* is fatally defective because it does not assert, in any language, that the goods allegedly possessed by the defendant were stolen. The indictment included the following language:

> THE JURORS . . . PRESENT that . . . William Edward Malloy unlawfully and wilfully did feloniously possess . . . personal property, to wit: one Interarms 30/06 rifle . . . and one 20-gauge shotgun; the . . . property of Charles D. Todd . . . having a value of $600, having reasonable grounds to believe the same to have been feloniously stolen or taken after the felonious breaking or entering of a building occupied by Charles D. Todd DBA: Todd's Gun Shop. . . .

True, the indictment asserts that defendant had reasonable grounds to believe that the guns were stolen. This, however, is not enough. If there was no theft, then there was no possession of stolen goods. For example, in an earlier case involving receiving stolen goods, our Supreme Court said: "If the property was not stolen or taken from the owner in violation of the statute, as where the original taking was without felonious intent, or was not against the owner's will or consent, the receiver is not guilty of receiving stolen property." *State v. Collins*, 240 N.C. 128, 130, 81 S.E. 2d 270, 272 (1954). The same can be said of possessing stolen goods even though possessing stolen goods and receiving stolen goods are different crimes. *See, State v. Davis*. By way of further example, if Officer Jones had sold or given the defendant an item of personal property valued at more than $400, telling the defendant at the time of delivery that the item of personal property was stolen pursuant to a breaking or entering, and the defendant kept the item of personal property, believing that Officer Jones had told him the truth, the defendant would not be guilty of possessing stolen goods, if the item of personal property had not in fact been stolen.

Simply put, the indictment, in order to be valid, must state that the goods alleged to be possessed by the defendant are stolen. Because the indictment in this case failed to do so, I believe the judgment should be arrested.

The strength of my conviction that the judgment should be arrested should not be questioned because I now address the trial court's evidentiary ruling. The majority addressed the evidentiary issue, and I "follow suit."

## II

Considering the following facts, which are set forth in the light most favorable to the State, I believe the trial court erred in allowing Officer Jones to testify that his purpose for coming to Wilmington was to make undercover purchases of firearms from the defendant.

On 23 or 24 September 1980, Todd's Gun Shop was broken into and several guns were removed. Officer Clayton Jones, an undercover agent, came to Wilmington on 24 September 1980 and later that day met defendant, whom he had not previously known. Defendant was in a vacant lot working under an old blue Ford car. Officer Jones testified: "We called him and he came from under the car over to our vehicle. [The defendant] said he didn't have the keys to the car. He told us to ride across the project and see if we could locate an individual who supposedly had the keys to the car." Officer Jones could not find the individuals who had the car keys. On the following day, Officer Jones went back to the vacant lot. He testified:

As we drove into the parking lot, an individual came to the rear of a red-bottom, black-top Mercury and opened the trunk. I got out of the vehicle, went to the trunk and asked the individual if the weapons worked. He said, "yeah." I checked the firearms to make sure they were operable and then placed the firearms in the trunk of my vehicle. There were two firearms.

After I placed them in the trunk, I went to another vehicle parked in front of the Mercury. Eddie [the defendant] was under the hood of that vehicle talking with Earl Gray. I went up to Eddie and said, "A hundred and twenty-five dollars right?" And he said, "yeah." I took the hundred and twenty-five dollars out of my pocket and gave it to him.

Q. What did you give him the hundred and twenty-five dollars for?

MR. FULLWOOD: Objection.

COURT: Overruled.

The two firearms. He was located two car lengths and a little space in between the two from the rear of the trunk that contained the firearms. I paid him the $125.00 and myself and Earl Gray left the parking lot.

In view of the trial court's decision to admit, over objection, the *officer's motive* for giving defendant one hundred and twenty-five dollars, and considering the paucity of the evidence in this possession of stolen goods case (and I have included *all* the record reveals defendant *said or did*), I believe defendant was prejudiced by the admission of the officer's statement explaining why he came to Wilmington.

Moreover, I do not believe a motion to strike was necessary to preserve an exception to the evidence under the circumstances of this case. Defense counsel objected both after the question was asked and before a response was given and after the response was given. The colloquy is set forth below:

Q. What was your reason for coming to Wilmington on the 24th of September, 1980?

MR. FULLWOOD: Objection.

A. For the purpose of making undercover purchases of firearms from Eddie Malloy.

COURT: What?

MR. FULLWOOD: Objection.

COURT: Would you repeat that?

A. Purpose of making undercover purchases of firearms from Eddie Malloy.

COURT: Overruled.

In my view, the reason for the agent being in Wilmington during September 1980 was not relevant. Further, the response was apparently based on hearsay. More important, however, the

In re Cohoon

response was prejudicial as it tended to mislead the jury and prejudice the defendant. There is no evidence in this case that defendant owned, possessed, mentioned, saw, or even knew of the presence of the guns in question.

The trial court's ruling on the evidentiary issue addressed would itself warrant a new trial. Again, however, a new trial is the alternative relief defendant seeks. Defendant is entitled, first and foremost, to have the judgment arrested because the indictment is fatally defective.