STATE v. JACK P. MULLINAX.

(Filed 15 January, 1965.)

1. **Criminal Law § 99—**

On motion to nonsuit, the evidence must be considered in the light most favorable to the State, giving it the benefit of every reasonable inference deducible therefrom.

2. **Burglary and Unlawful Breakings § 4— Circumstantial evidence of guilt of felonious breaking held for jury.**

Evidence tending to show that defendant and another were passengers in a car, that they requested to be let out at a certain place, that one of them said something about going to a specified club to break in and told the driver to come back for them in thirty minutes, that the driver did in fact pick them up shortly thereafter, together with evidence tending to show that in the interim the club had been broken into and money taken from a drawer and a cigarette machine, and that defendant's companion, when apprehended shortly after the break-in, had in his possession over forty dollars in coins and a screw driver which fitted indentations on the broken window and door, *held* sufficient to raise a reasonable inference that de-

fendant and his companion broke into the club, or that defendant's companion did so with defendant being present, aiding and abetting.

**3. Larceny § 7—**

Absence of any evidence of ownership of the articles alleged to have been stolen precludes conviction of larceny.

ON *certiorari* from *Martin, S. J.,* December 1963 Session of CALD-WELL.

This is a criminal action in which defendant is charged with (1) a felonious breaking or entry into a building of Lenoir Country Club, Inc., and (2) larceny of $84.22 in money belonging to the Country Club.

Plea: Not guilty. Verdict: Guilty. Judgment: on the count of breaking or entering, 4 to 7 years; on the larceny count, 18 months — the sentences to run consecutively.

Defendant appeals.

*Attorney General Bruton, Deputy Attorney General McGalliard and Staff Attorney Brown for the State.*
*Marshall E. Cline for defendant.*

MOORE, J. The sole question is whether the court erred in overruling defendant's motion for nonsuit.

Defendant did not offer any evidence. The State's evidence tends to show the following facts:

About 1:00 A.M., 17 November 1963, defendant and J. L. Johnson, Jr., were riding in an automobile driven by Elmo West. Near the clubhouse of Lenoir Country Club, Inc., West, at the request of defendant and Johnson, let them out. When they got out of the car they "said something about going to the Country Club to break in it." West "couldn't tell who was talking." They told West to come back for them in 30 minutes. West drove from Smith's Cross-roads to Whitnel and back several times while waiting to pick them up. He was observed by two police officers, who kept his "car under surveillance, staying a distance behind." West approached the country club at a slow speed and about 50 to 75 yards from the clubhouse stopped and the defendant came "out of the woods" and got in West's car. He said something to West about $41.00, but didn't say where he got it or how he got it. Defendant and West were taken into custody about ¼ mile from the country club by other police officers who had been alerted. The officers found no money on the person of defendant. The officers who had been following West returned to the vicinity of the country club

and found Johnson crouched or sitting near a tree in some bushes. He had $43.22 in coins "in his right front pocket." The officers later returned to the place they had arrested Johnson and found $41 in currency. The officers went to the clubhouse and found a window broken near a latch, the inside office door was damaged, the cigarette machine had been broken into, and the top drawer of a filing cabinet had been pushed back. There were marks on the window and door indicating they had been pried open. A screw driver, found on the person of Johnson when he was arrested, fitted as to size and shape the marks and indentations on the door and window. No finger prints were found, but Johnson had gloves.

We must consider the evidence in the light most favorable to the State, and give the State the benefit of every reasonable inference fairly deducible therefrom. *State v. Gentry,* 228 N.C. 643, 46 S.E. 2d 863. When this is done, we find the evidence sufficient to survive the motion for nonsuit on the count of housebreaking (G.S. 14-54). Immediately after the arrest of defendant and Johnson, the police found that the Lenoir Country Club building had been forcibly entered. A window had been broken and pried open. An inside door had been forced. The condition of the cigarette machine and filing cabinet indicated the entry had been made with intent to steal money and valuables. Johnson had been found nearby in a clump of bushes near the highway. He had in his possession a screw driver which fitted the marks and indentations on the broken window and forced door. He had in his possession a large number of coins, the kind of money one would expect to find in a cigarette machine. Defendant and Johnson had been riding with West; they got out of his car near the country club, one of them "said something about going to the Country Club to break in it," and they asked West to return for them in 30 minutes. When he returned defendant "came out of the woods" and got in the car. It is to be reasonably inferred that defendant and Johnson did break into the *country club, or that Johnson broke and entered and defendant was* present, aiding and abetting. *State v. Kelly,* 243 N.C. 177, 181, 90 S.E. 2d 241.

The motion for nonsuit on the larceny count should have been allowed. There is no evidence that Lenoir Country Club, Inc., found any money to be missing or had any money in the building. The evidence is silent as to whether there was, before the entry, any money in the filing cabinet or in the cigarette machine or elsewhere in the building. And if it may be inferred that there was, there is no evidence of the ownership. No official, agent or employee of the club testified at the

trial. There is simply no evidence that any money belonging to it has been stolen. The State failed to prove the larceny as alleged.

On the count of housebreaking — Affirmed.

On the count of larceny — Reversed.