CUDAHY FOODS COMPANY v. PEGGY HOLLOWAY

No. 8114SC497

(Filed 2 February 1982)

**Uniform Commercial Code § 8— sales contract— not between merchants—writing requirement violated**

Defendant, a real estate broker, did not qualify under the merchant exception of N.C.G.S. 25-2-201(2) as the contract, if any, between plaintiff and defendant was for $11,083.63 worth of mozzarella cheese and the purchase did not relate to the business or occupation of defendant. As defendant did not qualify as a merchant and the sale involved an amount greater than $500 the contract was required to be in writing. N.C.G.S. 25-2-201(1).

APPEAL by defendant from *Martin, Judge.* Judgment signed 30 December 1980 in Superior Court, DURHAM County. Heard in the Court of Appeals 11 January 1982.

On 2 June 1978, plaintiff shipped to Pizza Pride, Inc., of Jamestown, North Carolina, an order of two hundred sixty-two 2/20 inch Rex mozzarella cheese, having a contract price of $11,083.63. That same day plaintiff mailed defendant an invoice for the order, based on plaintiff's understanding that an oral contract existed between the parties whereby defendant had agreed to pay for the cheese. Defendant was engaged in the real estate business at this time and had earlier been approached by Pizza Pride, Inc. to discuss that company's real estate investment potential. Defendant denied ever guaranteeing payment for the cheese and raised, as an affirmative defense, the provisions of N.C.G.S. 25-2-201, the statute of frauds. After hearing the

evidence, the court concluded as a matter of law that defendant did agree to pay for the cheese and was liable to the plaintiff in the amount of $11,083.63. Defendant appealed.

*Pulley, Wainio, Stephens & Lambe, by John C. Wainio, for plaintiff appellee.*

*Powe, Porter and Alphin, by Edward L. Embree, III, for defendant appellant.*

MARTIN (Harry C.), Judge.

The sale in question brings the case within the statute of frauds provision of the Uniform Commercial Code, which reads in pertinent part:

(1) Except as otherwise provided in this section a contract for the sale of goods for the price of five hundred dollars ($500.00) or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker.

N.C. Gen. Stat. § 25-2-201(1) (1965).

Plaintiff, however, contends that under the facts of the case the sale was one between merchants, thus invoking subsection (2):

Between merchants if within a reasonable time a writing in confirmation of the contract and sufficient against the sender is received and the party receiving it has reason to know its contents, it satisfies the requirements of subsection (1) against such party unless written notice of objection to its contents is given within ten days after it is received.

*Id.* § 25-2-201(2).

At issue, then, is whether defendant, a real estate broker who allegedly guaranteed payment for a shipment of cheese to a third party, comes within the definition of "merchant" as contemplated under the statute of frauds provision of the Uniform Commercial Code. We answer in the negative.

N.C.G.S. 25-2-104(1) defines "merchant" as "a person who deals in goods of the kind or otherwise by his occupation holds

himself out as having knowledge or skill peculiar to the practices or goods involved in the transaction . . .." " 'Between merchants' means in any transaction with respect to which both parties are chargeable with the knowledge or skill of merchants." N.C. Gen. Stat. § 25-2-104(3) (1965).

Defendant, at the time of the alleged sale, was a real estate broker. She did not deal in cheese, pizza, or in goods relating to the restaurant business. Nor by her occupation did she hold herself out as having knowledge or skill peculiar to the goods involved in the transaction. In fact, the nature of defendant's occupation precluded her dealing in goods at all. Real estate does not fall under the U.C.C.'s definition of "goods." *See* N.C. Gen. Stat. § 25-2-105 (1965).

It is plaintiff's contention that because the defendant was in the business of buying and selling real estate, she possessed the knowledge or skill peculiar to the *practices* involved in the transaction. Plaintiff relies on the official comment to N.C.G.S. 25-2-104 in support of this contention. The comment reads: "For purposes of [§ 25-2-201] almost every person in business would, therefore, be deemed to be a 'merchant' . . . since the practices involved in the transaction are non-specialized business practices such as answering mail." The comment goes on to state, however, that "even these sections only apply to a merchant in his mercantile capacity."

Familiarity with trade practices has, under certain circumstances, acted to confer merchant status. *See Nelson v. Union Equity Co-Op Exchange*, 548 S.W. 2d 352 (Tex. 1977) (farmer dealing in sales of his own products held familiar with the product and practice); *County of Milwaukee v. Northrop Data Systems*, 602 F. 2d 767 (7th Cir. 1979) (operation of a hospital sufficiently related to the purchase of a laboratory systems computer to find merchant status); *Cement Asbestos Products v. Hartford Acc. & Indem.*, 592 F. 2d 1144 (10th Cir. 1979) (building contractor with specialized knowledge of the goods held to be within the Code definition of merchant). *See also Currituck Grain, Inc. v. Powell,* 28 N.C. App. 563, 222 S.E. 2d 1 (1976) (farmer raising corn and soybeans held himself out as having knowledge or skill peculiar to the practice of dealing in corn and soybeans). However, the familiarity with trade customs test is not so broad as to extend to

the isolated purchase of a type of goods unrelated and unnecessary to the business or occupation of the buyer. The mere fact that one is "in business" does not, without more, give rise to the conclusive presumption that by his occupation, the businessman holds himself out as having knowledge peculiar to the practices involved in the transaction. The focus remains on the occupation or type of business as it relates to the subject matter of the transaction.

Whether a person is a merchant is a question of law. *County of Milwaukee, supra.* By applying the definition of merchant to the facts of this case, we hold that defendant was not a merchant in the present transaction. Her skill and knowledge as a real estate broker did not qualify her as a skilled or knowledgeable purchaser of mozzarella cheese. Nor was defendant among the class of persons upon whom the provisions of N.C.G.S. 25-2-201(2) were designed to impose liability.

> The purpose of the subsection of the Code is to rectify an abuse that had developed in the law of commerce. The custom arose among business people of confirming oral contracts by sending a letter of confirmation. This letter was binding as a memorandum on the sender, but not on the recipient, because he had not signed it. The abuse was that the recipient, not being bound, could perform or not, according to his whim and the market, whereas the seller had to perform.

*Azevedo v. Minister,* 86 Nev. 576, 582-83, 471 P. 2d 661, 665 (1970).

As defendant does not qualify under the merchant exception of N.C.G.S. 25-2-201(2), the contract, if any, between plaintiff and defendant was required to be in writing: the sale involved an amount greater than $500. Defendant signed no written contract or other memorandum. It follows that defendant cannot be held liable for the price of the cheese.

In light of our holding, it is not necessary to discuss defendant's additional assignments of error.

Reversed.

Chief Judge MORRIS and Judge VAUGHN concur.