STATE OF NORTH CAROLINA v. MANUEL WILLIAMS

No. 8310SC267

(Filed 6 December 1983)

1. **Receiving Stolen Goods § 2— possession of stolen goods—indictment—failure to allege goods were stolen**

    An indictment charging defendant with felonious possession of stolen goods was not invalid in failing to state that the goods possessed by defendant were stolen.

2. **Receiving Stolen Goods § 5.1— possession of stolen goods—retail price as evidence of fair market value**

    Where a merchant has determined a retail price of merchandise which he is willing to accept as the worth of the item offered for sale, such a price constitutes evidence of fair market value sufficient to survive a motion to dismiss in a prosecution for possession of stolen goods.

3. **Larceny § 8; Receiving Stolen Goods § 6— larceny and possession of same property—no conviction for both—failure to instruct—error cured by verdict**

    Although the trial court erred in refusing to instruct the jury that defendant could not be convicted of both larceny and possession of the same property, the jury cured the trial court's error by convicting defendant of only the possession charge.

4. **Criminal Law § 138— sentencing—prior convictions as aggravating factor—indigency and counsel—burden of proof**

    The burden is on the defendant to show the trial court at a sentencing hearing that his prior conviction may not be considered as an aggravating factor because he was indigent and was not represented by counsel at the time of the prior conviction.

APPEAL by defendant from *Farmer, Judge.* Judgment entered 15 September 1982 in WAKE County Superior Court. Heard in the Court of Appeals 14 November 1983.

Defendant was charged with stealing seven leather coats from the Sears store in Crabtree Valley Mall in Raleigh on 23 September 1981. Evidence for the State tended to show the following events. Defendant met a friend, George Tharrington, who was on the way to the mall and Tharrington agreed to give defendant a ride. The pair separated at the mall, but planned to meet at the car later. Some time later, defendant met Tharrington at the car, and asked Tharrington to drive to the other side of the mall. Tharrington and defendant entered the mall again and went separate directions. A security guard saw defend-

ant walk out of a door near the Sears store with a brown suitcase, walk toward a car and put it inside the car. Defendant and Tharrington then drove away from the mall, but were stopped by police a short distance away. Seven leather coats with Sears price tags were found in the suitcase. Both Tharrington and defendant said they had never seen the suitcase before.

Evidence for defendant tended to show that defendant got a ride with Tharrington to Crabtree Valley Mall, but did not steal anything there. Defendant met a man named Sambo at the mall who asked him for a ride. Defendant said he thought Tharrington would give Sambo a ride, and the two went to Tharrington's car. Sambo placed a suitcase in the car, and returned to the mall. A short time later, Tharrington and defendant left the mall without Sambo. Defendant intended to keep the suitcase, which he suspected contained items stolen by Sambo.

Defendant was convicted of felonious possession of stolen property and sentenced to six years in prison. A mistrial was declared on a charge of felonious larceny against defendant after the jury was unable to reach a verdict. From entry of judgment upon the verdict, defendant appealed.

*Attorney General Rufus L. Edmisten, by Associate Attorney General Thomas J. Ziko, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender James H. Gold, for defendant.*

WELLS, Judge.

[1] In his first assignment of error, defendant argues that the indictment charging defendant with felonious possession of stolen goods fails to state that the goods were stolen and is thus fatally defective. This same argument was considered and rejected by this court in *State v. Malloy,* 60 N.C. App. 218, 298 S.E. 2d 735, *rev'd on other grounds,* 309 N.C. 176, 305 S.E. 2d 718 (1983). Defendant's assignment of error is overruled.

Defendant next argues that the trial judge erred in instructing the jury that the state's evidence tended to show that the suitcase and coats had a total value of $814.98. To support a charge of felonious possession of stolen property, the State must prove the items taken had a value of more than $400.00. G.S.

§ 14-72. The only evidence of the value of the goods taken in the case before us was the testimony of a Sears employee that the total selling price of the coats was $814.98. The witness testified that he was unsure how much Sears actually paid for the coats, and estimated that there had been about a thirty-five percent markup on the coats.

[2] Defendant argues that "value" for purposes of G.S. § 14-72 means "fair market value" and not "selling price" as testified to by the Sears employee. Defendant cites *State v. Rick*, 54 N.C. App. 104, 282 S.E. 2d 497 (1981) and *State v. Haney*, 28 N.C. App. 222, 220 S.E. 2d 371 (1975) in support of his argument. *Rick* and *Haney* are distinguishable from the case before us. In both of those cases, the victim of the larceny was a private consumer, who estimated the value of the item taken in terms of the amount of money for which he or she would have been willing to sell the item. The court in both of those cases held that "selling price" was not competent evidence of "value" for purposes of G.S. § 14-72. We hold, however, that where a merchant has determined a retail price of merchandise which he is willing to accept as the worth of the item offered for sale, such a price constitutes evidence of fair market value sufficient to survive a motion to dismiss. *See State v. Perry*, 305 N.C. 225, 287 S.E. 2d 810 (1982); *State v. Boone*, 39 N.C. App. 218, 249 S.E. 2d 817 (1978), *modified on other grounds*, 297 N.C. 652, 256 S.E. 2d 683 (1979), where price tags on retail consumer merchandise were admitted as evidence of the value of a stolen item.

[3] In defendant's third assignment of error, he contends that the trial judge erred in failing to instruct the jury that defendant could not be convicted both of larceny of the coats and of possession of the same coats. While a defendant may be indicted and tried both for larceny and possession of the same stolen goods, he may not be *convicted* of both offenses, *State v. Perry, supra.* Even without a request from a defendant, a trial judge should instruct the jury that it may convict the defendant of either but not both charges. While it is clear that the trial judge in this case erred in refusing to so instruct the jury, in the case before us, the jury cured the trial judge's error by convicting defendant of only the possession charge. Defendant's assignment of error is overruled.

**[4]** Finally, defendant argues that the trial judge erred in considering defendant's prior convictions as a factor in aggravation during the sentencing phase of the trial. Defendant argues that where the state relies on prior convictions as a factor in aggravation for sentencing purposes, the burden is on the state to show either (1) defendant was not indigent at the time of the convictions or (2) if indigent, defendant was represented by counsel. This argument has been rejected by our supreme court in *State v. Thompson*, 309 N.C. 421, 307 S.E. 2d 156 (1983), where the court held that, the burden is on the defendant to show to the trial court that his prior conviction may not be considered for the reasons defendant relies on. This assignment is overruled.

No error.

Chief Judge VAUGHN and Judge JOHNSON concur.