STATE OF NORTH CAROLINA v. DEBORAH AUSTIN

No. 845SC970

(Filed 18 June 1985)

1. **Larceny § 8— charge of misdemeanor larceny—improper conviction of concealment of merchandise**

   Where defendant was charged in a magistrate's order with misdemeanor larceny, the trial court erred in instructing the jury on concealment of merchandise and in entering judgment of conviction for such crime.

2. **Constitutional Law § 66— waiver of right to presence at trial**

   Defendant's unexplained absence from her trial during a portion of the second day of the trial constituted a waiver of the right to be present at trial.

3. **Constitutional Law § 48— ineffective assistance of counsel—failure of proof**

   Defendant failed to show that she was denied the effective assistance of counsel in that she failed to show that there is a reasonable probability that the result would have been different but for counsel's inadequate representation.

4. **Larceny § 6.1— value of stolen goods—testimony by store employee**

   A store employee's detailed account of the "approximate" number of items she observed being stolen and the retail value of each item was competent to establish the value of the goods stolen in a prosecution for felonious larceny.

5. **Larceny § 9— verdict in felonious larceny case—fixing of value not required**

   Where the jury was given a choice of verdicts of guilty of felonious larceny, guilty of non-felonious larceny, or not guilty, the verdict of guilty of

felonious larceny indicated the jury's belief that the value of the property exceeded $400, and the jury was not required to fix the value of the stolen property in their verdict form.

**6. Criminal Law § 177.3— consolidated judgment—error as to one charge—remand for resentencing and new trial**

Where the trial court imposed a consolidated sentence of six years for misdemeanor larceny and felonious larceny, there was error in the trial of the misdemeanor larceny charge, and it is impossible to tell what portion of the judgment was attributable to that charge, the case must be remanded for a resentencing hearing and entry of an appropriate judgment on the felony conviction as well as for a new trial on the misdemeanor charge.

APPEAL by defendant from *Llewellyn, Judge.* Judgment entered 20 January 1984 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 2 April 1985.

In 83CRS17818, defendant was charged with misdemeanor larceny of property having a value of $161.00 from J C Penney, Inc., on 13 August 1983. Defendant was convicted in District Court and appealed to Superior Court. During the pendency of that appeal, in 83CRS17819 defendant was charged in a proper bill of indictment with felonious larceny and felonious possession of property having a value of $596.00 from J C Penney, Inc., on 26 August 1983. These cases were consolidated for trial in Superior Court.

The sole witness at trial was Mildred Scearce, a security officer at J C Penney, Inc., who testified that on 13 August 1983, she observed defendant and a black male carry merchandise to Lillian Fair, who inserted it into her handbag. Scearce confronted the three, Fair took the merchandise out of the bag, threw it underneath the counter, and they left. Scearce calculated the value of the retrieved items as follows: one ski jacket at $42.00; two pair of pants at $15.88 each; and five denim pants at $9.95 each, "for a total of $161.00."

Concerning the 26 August 1983 incident, Scearce testified she saw defendant and a black male in the store with two black plastic bags, filling them with merchandise. In response to the question as to what she had seen, Scearce stated:

A. Now this is approximate. Approximately eighteen polo shirts valued at $6.99 each; approximately ten pairs of Levis at $15.88 each.

THE COURT: How many?

A. Ten, at $15.88. I saw four dresses valued at $20.00 each, and six dresses valued at $23.00 each. Approximately five sweaters at $12.00 each, and approximately three more sweaters at $11.00 each.

She testified the total value of the unrecovered merchandise was $596.00.

The court charged the jury on the offenses of concealment of merchandise of a store as to the 13 August incident, and felonious larceny and non-felonious larceny as to the 26 August incident. For both cases, the court instructed the jury on acting in concert. In 83CRS17818 the jury was given a choice on the verdict sheet between "[g]uilty as charged" or "[n]ot guilty," and for case 83CRS17819 the jury was given a choice on the verdict sheet between "[g]uilty of felonious larceny," "[g]uilty of non-felonious larceny," or "[n]ot guilty."

Upon verdicts of "[g]uilty as charged" in 83CRS17818 and "[g]uilty of felonious larceny" in 83CRS17819, the court heard from the State on sentencing. The prosecutor offered statements from an uncertified FBI sheet tending to show prior convictions punishable by confinement for more than sixty days. The court found one aggravating circumstance of prior convictions, no mitigating circumstances, consolidated the two cases for judgment, and sentenced defendant to six years' imprisonment. Defendant appealed.

*Attorney General Edmisten by Charles H. Hobgood, Assistant Attorney General, for the State.*

*Appellate Defender Adam Stein by Geoffrey C. Mangum, Assistant Appellate Defender, for defendant-appellant.*

PARKER, Judge.

I.

(Case No. 83CRS17818)

[1] Although defendant was charged in a magistrate's order with misdemeanor larceny, the court instructed the jury in this case on concealment of merchandise. The jury found defendant "[g]uilty as

charged," and the court entered judgment of conviction for misdemeanor larceny. This was clearly error as the court instructed the jury on the wrong offense. "Since a correct charge is a fundamental right of every accused . . . ," *State v. Orr*, 260 N.C. 177, 181, 132 S.E. 2d 334, 337 (1963), the error was so prejudicial that defendant is entitled to a new trial on the charge of misdemeanor larceny.

## II.

## (Case No. 83CRS17819)

[2]  Defendant contends the court erred by proceeding to trial in her absence. The jury was selected in the defendant's presence, and the trial judge told defendant that her trial would proceed at 9:30 a.m. the next morning. At 9:37 a.m. the judge ordered the trial to proceed in her absence. Defendant did enter the courtroom later that morning, but offered no explanation for her absence. After a trial has commenced, the burden is on the defendant to explain his absence, *State v. Stockton*, 13 N.C. App. 287, 185 S.E. 2d 459 (1971), and an unexplained absence is considered a voluntary waiver of the right to be present at trial. *State v. Mulwee*, 27 N.C. App. 366, 219 S.E. 2d 304 (1975); *State v. Stockton, supra*. This assignment of error is overruled.

[3]  Next, defendant contends she was denied her right to effective assistance of counsel when her court-appointed attorney moved to withdraw in her absence, and because he was otherwise ineffective. Under the standards enunciated by the United States Supreme Court in *Strickland v. Washington*, --- U.S. ---, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984), a defendant must show that counsel's performance was deficient, and that there is a reasonable probability that, but for counsel's inadequate representation, the result would have been different. Defendant herein has completely failed to carry her burden that a different outcome might have resulted, and, therefore, we need not address whether counsel's performance was deficient. 80 L.Ed. 2d at 699. The assignment of error is overruled.

[4]  In her next assignment of error, defendant contends that the requirements of G.S. 14-72(a) were not met in two regards. First, that the State failed to establish that the value of the stolen property was "more than four hundred dollars," and second, that the

---

---

jury should have been required to fix the value of the property stolen in their verdict form. We disagree.

Ms. Scearce offered a detailed account of the "approximate" number of different items she observed being stolen and the retail value of each item, and she testified that the approximate total value of the goods taken was $596.00. In *State v. Williams*, 65 N.C. App. 373, 375, 309 S.E. 2d 266, 267 (1983), *pet. dis. rev. denied*, 310 N.C. 480, 312 S.E. 2d 890 (1984), this Court concluded: "We hold . . . that where a merchant has determined a retail price of merchandise which he is willing to accept as the worth of the item offered for sale, such a price constitutes evidence of fair market value sufficient to survive a motion to dismiss." Therefore, Scearce's testimony, based on her observations as an employee of the store, was competent to establish the value of the goods stolen.

Defendant argues that because Scearce's testimony concerning the value of the items in 83CRS17818 appears to be mathematically incorrect (the correct total was $123.51, and not $161.00 as she testified), that her testimony is unreliable. This argument is without merit. This inconsistency goes to the witness' credibility but does not make her testimony unreliable. It was for the jury to resolve any lingering questions about the value of the stolen goods.

[5] A jury should fix the value of the stolen property only in cases of doubt concerning value. *State v. Jeffries*, 41 N.C. App. 95, 254 S.E. 2d 550, *cert. denied*, 297 N.C. 614, 257 S.E. 2d 438 (1979). In the instant case, the jury was given a choice of not guilty, guilty of felonious larceny, or guilty of non-felonious larceny. If they were not satisfied beyond a reasonable doubt that the value of the stolen property exceeded $400.00, they could have found defendant guilty of non-felonious larceny. Finding defendant guilty of felonious larceny indicates their belief that the value of the property exceeded $400.00. This assignment of error is overruled.

Next, defendant contends the court erred in finding as a factor in aggravation that defendant had prior convictions punishable by more than sixty days confinement. This assignment of error was not set out in the record on appeal; it may not be considered on appeal. App. R. 10(c).

[6] In her final assignment of error, defendant asserts the court erred in imposing sentence of six years on the consolidated convictions of misdemeanor larceny and felony larceny in one judgment. We agree. Because there was error in the trial of the misdemeanor larceny charge and it is impossible to tell what portion of the judgment imposed is attributable to that charge, this case must be remanded for a resentencing hearing and entry of appropriate judgment on the felony conviction as well as for a new trial on the misdemeanor charge.

New trial in 83CRS17818; remanded for resentencing in 83CRS17819.

Judges WEBB and BECTON concur.