STATE OF NORTH CAROLINA v. ROBERT WILSON ODOM

No. 8926SC444

(Filed 3 July 1990)

1. **Larceny § 7 (NCI3d)— shoplifting—felonious larceny—evidence sufficient**

There was no error in a prosecution for felonious larceny arising from shoplifting by denying defendant's motion to dismiss for insufficient evidence that the merchandise was stolen where a loss prevention associate at Ivey's testified that he was personally familiar with the men's department and the bathrobes and slippers in the men's accessories section; defendant did not have a trash bag in his possession when the loss prevention associate first saw him; the loss prevention associate saw defendant about forty-five minutes later, around closing time, leaving the store with a full trash bag, which was subsequently found to contain 19 Christian Dior bathrobes and four pairs of slippers, each bearing an Ivey's price tag; there was no receipt in the trash bag and defendant could not produce one; and the loss prevention associate looked in the men's section and saw an empty rack where bathrobes were to be found.

**Am Jur 2d, Larceny §§ 50, 123, 124.**

2. **Larceny § 7.4 (NCI3d)— shoplifting—felonious larceny—possession of recently stolen property—evidence sufficient**

There was no error in a prosecution for felonious larceny arising from shoplifting by denying defendant's motion to dismiss

based on insufficient evidence that defendant was the perpetrator of the crime where the State relied on the doctrine of recent possession and there was evidence of exclusive possession in that defendant was seen taking from the store a black plastic trash bag containing something, defendant hid the bag behind a planter, returned for the bag and took it behind a dumpster, defendant remained in the vicinity of the bag after he reappeared from behind the dumpster, and no one else approached or touched the bag; and there was evidence of recency in that defendant was first seen without the trash bag, and then forty-five minutes later left the store with an obviously full trash bag; defendant immediately hid the trash bag, left, returned, and took the bag behind a dumpster; and a store employee retrieved the trash bag within about five minutes and found the bag to contain bathrobes and slippers.

**Am Jur 2d, Larceny §§ 50, 123, 124.**

3. **Larceny § 8.4 (NCI3d)— felonious larceny—shoplifting—instructions—possession of recently stolen property—no error**

There was no error in a prosecution for felonious larceny arising from shoplifting in instructing the jury on the doctrine of possession of recently stolen property where the evidence supported the giving of the instruction.

**Am Jur 2d, Larceny § 174.**

4. **Larceny § 6.1 (NCI3d)— felonious larceny—shoplifting—evidence of value and ownership—competent**

There was no error in a prosecution for felonious larceny arising from shoplifting by admitting testimony of a loss prevention associate from the store on the value and ownership of the stolen merchandise based on price tags on the merchandise. The price tags were hearsay, but qualified as business records and the loss prevention associate who testified as to the value of the stolen merchandise also testified that his employment required him to act as a shopper, that he frequently looked at store merchandise, and that he knew the price of almost anything in the men's department. Nothing indicates that the source of information or circumstances of preparation of the price tags lacked trustworthiness and the loss prevention associate was a qualified witness whose testimony was admissible to prove the value of the stolen merchandise.

STATE v. ODOM

[99 N.C. App. 265 (1990)]

**Am Jur 2d, Larceny §§ 130, 148.**

5. **Larceny § 8.3 (NCI3d) — shoplifting — value of stolen items — instructions — denied — no error**

There was no error in a prosecution for felonious larceny arising from shoplifting in refusing the jury's request for additional instructions on the element of value where defendant did not object to the instruction given or request any special instructions on the element of value and a review of the entire record shows that it is not probable that the jury's verdict would have been different if an additional instruction had been given.

**Am Jur 2d, Trial §§ 906 et seq.**

6. **Larceny § 6 (NCI3d) — felonious larceny — shoplifting — empty clothing rack — admissible**

There was no error in a prosecution for felonious larceny arising from shoplifting in admitting evidence of an empty clothing rack. The empty clothing rack was relevant because a store employee's observation of an empty rack in the section of the store where he knew that men's robes were displayed and sold made it more probable that a theft had taken place. Moreover, the probative value of the empty rack outweighed any prejudice defendant may have suffered. N.C.G.S. § 8C-1, Rule 401.

**Am Jur 2d, Larceny § 155.**

APPEAL by defendant from judgment entered 5 January 1989 by *Judge Hollis M. Owens, Jr.* in MECKLENBURG County Superior Court. Heard in the Court of Appeals 16 November 1989.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Teresa L. White, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Constance H. Everhart, for defendant-appellant.*

PARKER, Judge.

Defendant was convicted of felonious larceny; State's evidence tended to show the following: At 8:15 p.m. on 16 April 1988, defendant was observed in the men's accessories section of Ivey's department store in the South Park Mall in Charlotte, North Carolina,

by a senior store security employee, Robert Russell Pressley. Defendant was not carrying anything in his hands. About 9:00 p.m. Pressley again saw defendant, who was leaving the store by the Morrison Boulevard exit. Pressley made his observations from the security office of Ivey's, which is 25 to 30 feet from the Morrison Boulevard exit and provided a very good view of the exit and defendant's activities. Defendant was carrying a large black plastic trash bag which appeared to be filled with something. He placed the bag behind a planter near the exit and walked away from the bag. He returned, picked up the bag, and disappeared behind a large trash dumpster, where he remained out of sight for about 15 seconds. When he reappeared, he did not have the bag in his possession. Pressley and an associate left the store, found a black plastic bag behind a planter, looked inside, and saw several Christian Dior brand men's robes and several pairs of men's slippers. Defendant was subsequently arrested and charged with felonious larceny. He appeals from a jury verdict of guilty.

Defendant raises the following five assignments of error: (i) insufficiency of the evidence to support his conviction, (ii) insufficiency of the evidence to support a jury instruction on the doctrine of recent possession, (iii) improper admission of evidence on the issues of value and ownership of the property, (iv) improper denial of the jury's request for additional instructions on the element of value, and (v) improper admission of evidence regarding an empty clothing rack.

I.

[1] Defendant contends the trial judge erred by denying his motion to dismiss the charge against him at the close of all the evidence. Defendant argues that the evidence was insufficient to show a larceny had been committed or defendant was the perpetrator. We find these contentions to be without merit.

On a motion to dismiss, the trial court must determine whether there is substantial evidence of each element of the offense charged and whether there is substantial evidence that the defendant was the perpetrator of the offense. If so, the motion to dismiss is properly denied. *State v. Triplett*, 316 N.C. 1, 5, 340 S.E.2d 736, 739 (1986); *State v. Earnhardt*, 307 N.C. 62, 65-66, 296 S.E.2d 649, 651-52 (1982); *State v. Lively*, 83 N.C. App. 639, 642, 351 S.E.2d 111, 114 (1986), *disc. rev. denied*, 319 N.C. 461, 356 S.E.2d 10 (1987). The trial court must consider all evidence in the light most favorable

STATE v. ODOM

[99 N.C. App. 265 (1990)]

to the State and give the State the benefit of every reasonable inference to be drawn from the evidence. *State v. Primes*, 314 N.C. 202, 217, 333 S.E.2d 278, 287 (1985); *State v. Thomas*, 296 N.C. 236, 244, 250 S.E.2d 204, 208 (1978). Larceny consists of (i) the wrongful taking and carrying away, (ii) of the personal property of another, (iii) without his consent, and (iv) with the intent to deprive permanently the owner thereof. *State v. Edwards*, 310 N.C. 142, 146, 310 S.E.2d 610, 613 (1984); *accord State v. McLaughlin*, 321 N.C. 267, 271, 362 S.E.2d 280, 282-83 (1987).

The State presented substantial evidence that the merchandise was stolen. At trial, Pressley, who had been employed by Ivey's for approximately 16 months as a loss prevention associate, testified he was personally familiar with the men's department of Ivey's, particularly since it was on the first floor of the store, where he usually worked. Pressley knew where the robes and slippers were in the men's accessories section. He had looked at the robes, both as a prospective customer and in the exercise of his employment duty to observe shoppers while posing as a shopper himself.

When Pressley first saw him in the men's accessories section, defendant did not have a trash bag in his possession. About 45 minutes later, around closing time, Pressley saw defendant leaving the store with the trash bag which was full. Pressley's subsequent investigation showed the bag contained 19 men's Christian Dior brand bathrobes and four pairs of slippers, each bearing an Ivey's price tag. The tags bore the name "Ivey's," and the letters "d-e-p-t," followed by a number and a price. All the evidence was collected in two parcels and stored in Pressley's evidence locker. At trial Pressley testified the evidence remained in the locker until he brought it to the courtroom. Pressley identified the two parcels; their contents were subsequently admitted into evidence. Pressley also testified he knew the significance of some of the numbers on the price tags; they represented telephone extension numbers for departments at Ivey's. He testified that the number 650 on the tag on one of the robes shown him at trial was the telephone extension number for the men's department at Ivey's.

Pressley further testified he was familiar with selling procedures at Ivey's. The store used a three-part receipt form. One copy was retained by the customer as proof of purchase, one was sent to the loss prevention department, and one went to the central office. Pressley searched the trash bag for such a receipt but found

none. Furthermore, when requested to produce a receipt for the merchandise in the bag, defendant could not do so. Following his discovery of the robes and slippers, Pressley returned to the men's accessories section and looked in the area where he knew men's robes were to be found. He observed an empty rack there.

Defendant cites *State v. Mullinax*, 263 N.C. 512, 139 S.E.2d 639 (1965), for the proposition that unless substantial evidence shows the property allegedly stolen is in fact missing, a charge of larceny or robbery should be dismissed. 263 N.C. at 514-15, 139 S.E.2d at 640. In *Mullinax*, there was no evidence of the ownership of money found in defendant's possession and no evidence that money was taken from the country club. The court stated that no official, agent, or employee of the country club testified to any of the relevant facts needed. *Id.*

We find *Mullinax* to be inapposite. In the case *sub judice*, Pressley, an employee of Ivey's, testified based on his personal knowledge. We conclude there was substantial evidence, which, taken in the light most favorable to the State and giving the State the benefit of every reasonable inference, showed the merchandise in the trash bag was stolen from Ivey's.

[2]   Next, defendant contends the State failed to prove he was the perpetrator of the crime. The State relied on the doctrine of recent possession of stolen goods to prove defendant's guilt. The doctrine of recent possession is a rule of law under which, upon an indictment for larceny, the possession of recently stolen property raises a presumption of the possessor's guilt of the larceny of the property. *State v. Hamlet*, 316 N.C. 41, 44, 340 S.E.2d 418, 420 (1986); *State v. Maines*, 301 N.C. 669, 673, 273 S.E.2d 289, 293 (1981). To invoke the doctrine, the State must prove:

(1) [T]he property described in the indictment was stolen; (2) the stolen goods were found in defendant's custody and subject to his control and disposition to the exclusion of others though not necessarily found in defendant's hands or on his person so long as he had the power and intent to control the goods; and (3) the possession was [discovered] recently after the larceny, mere possession of stolen property being insufficient to raise a presumption of guilt.

*State v. Maines*, 301 N.C. at 674, 273 S.E.2d at 293 (citations omitted).

Above we concluded there was evidence sufficient to show the property was stolen, thus satisfying the first element of the doctrine. To support the element of exclusive possession, "[i]t is sufficient that [the defendant] be in such physical proximity to [the stolen property] that he has the power to control it to the exclusion of others and that he has the intent to control it." *Id.* at 675, 273 S.E.2d at 293-94 (quoting *State v. Eppley*, 282 N.C. 249, 254, 192 S.E.2d 441, 445 (1972)). Applying these principles we note that Pressley saw defendant take from the store a black plastic bag containing something. He saw defendant hide the bag behind a planter, leave, return for the bag, and take it behind a dumpster. Defendant remained in the vicinity of the bag after he reappeared from behind the dumpster. No one else approached or touched the bag from the time Russell first saw defendant with it until Russell looked in it. Clearly, the property was within defendant's exclusive possession and control.

Discussing recency, the North Carolina Supreme Court has said:

> The purpose of the recency requirement is to determine whether the accused's possession of stolen property is sufficiently short under the circumstances of the case to rule out the possibility of a transfer of the stolen property from the thief to an innocent party. The possession must be so recent after . . . the larceny as to show that the possessor could not have reasonably come by it, except by stealing it himself or by his concurrence.

*State v. Hamlet*, 316 N.C. at 43, 340 S.E.2d at 420. Applying these principles, we note that Pressley first saw the defendant in the store at 8:15 p.m. without any trash bag. Forty-five minutes later, he saw defendant leave the store with an obviously full trash bag. Pressley saw defendant immediately hide the bag, leave, return, and take the bag behind the dumpster. Within about five minutes, Pressley retrieved a black trash bag containing the robes and slippers. We conclude the State's evidence as to recency was sufficient. We hold all the evidence was sufficient to show defendant was the perpetrator of the crime and, accordingly, overrule this assignment of error.

## II.

[3] In his second assignment of error, defendant contends the trial judge erred by instructing the jury on the doctrine of recent

possession, because the instruction was not supported by the evidence. This contention is without merit.

A trial judge should not give instructions which present to the jury possible theories of conviction not supported by the evidence. *State v. Taylor*, 304 N.C. 249, 274, 283 S.E.2d 761, 777 (1981), *cert. denied*, 463 U.S. 1213, 103 S.Ct. 3552, 77 L.Ed. 2d 1398 (1983); *State v. Buchanan*, 287 N.C. 408, 421, 215 S.E.2d 80, 88 (1975). As previously shown, from substantial evidence that defendant was in possession of the property very recently after its theft, the presumption validly arose that he also committed the larceny of it. We conclude the evidence supported the giving of an instruction on the doctrine of recent possession and hold the trial court did not err; therefore, this assignment is overruled.

III.

[4] In his third assignment of error, defendant contends the trial court erred by admitting improper evidence of value and ownership. As our previous discussion shows, defendant's contention as to evidence of ownership is without merit. Defendant contends the price tags on the stolen merchandise were hearsay and should not have been admitted as evidence of value. We agree that price tags are hearsay, but previous cases are consistent with the interpretation that they qualify as business records and thus may be excepted from the hearsay exclusion. *See also Boone v. Stacy*, 597 F. Supp. 114 (1984).

To support a charge of felonious possession of stolen property, the State must prove the items taken had a value of more than $400.00. G.S. 14-72. As to evidence of value, this Court has said:

> The general rule in North Carolina is that a witness who has knowledge of value gained from experience, information and observation may give his opinion of the value of specific personal property. "[I]t is not necessary that the witness be an expert; it is enough that he is familiar with the thing upon which he professes to put a value and has such knowledge and experience as to enable him intelligently to place a value on it." 1 Stansbury's N.C. Evidence § 128 at 408 (Brandis rev. 1973); *State v. Cotten*, 2 N.C. App. 305, 163 S.E.2d 100 (1968).

*State v. Boone*, 39 N.C. App. 218, 221, 249 S.E.2d 817, 820 (1978), *modified on other grounds*, 297 N.C. 652, 256 S.E.2d 683 (1979). Where a merchant has established a retail price which he is willing

STATE v. ODOM

[99 N.C. App. 265 (1990)]

to accept as the worth of merchandise offered for sale, such a price constitutes evidence of fair market value sufficient to survive a motion to dismiss. *State v. Williams*, 65 N.C. App. 373, 374-75, 309 S.E.2d 266, 267 (1983), *disc. rev. denied*, 310 N.C. 480, 312 S.E.2d 890 (1984).

The present case is analogous to *State v. Austin*, 75 N.C. App. 338, 330 S.E.2d 661 (1985). In *Austin*, defendant was charged with misdemeanor larceny from a department store of property having a value of $161.00. The sole witness at trial was a security officer employed by the store. The officer observed defendant take the merchandise and later retrieved the property. *Id.* at 339, 330 S.E.2d at 662. She testified as to the number of items stolen, their retail value, and the approximate total value of the goods. *Id.* at 342, 330 S.E.2d at 663-64. Citing *Williams*, this Court held that mathematical inaccuracy in her testimony did not bar its admission, rather, it was for the jury to resolve any lingering question as to the value of the stolen goods. *State v. Austin*, 75 N.C. App. at 342, 330 S.E.2d at 664.

In the case *sub judice*, Pressley testified his employment required him to act as a shopper and he frequently looked at store merchandise. He testified he knew the price of almost anything in the men's department. On cross-examination he was able to describe specific merchandise of the men's department, unrelated to the subject of litigation, and quote its price. To distinguish Ivey's merchandise from that of any other store, Pressley had to know what the store's price tags looked like and be familiar with the information on them. That the price tags in this case were business records kept in the course of a regularly conducted business whose regular practice it was to make such records is indisputable. That retail stores and consumers rely on such records is equally indisputable. Nothing indicates the source of information or circumstances of preparation of the price tags in this case lacked trustworthiness. Under *Boone* and *Williams*, that Pressley's knowledge was gained from price tags themselves cannot be a bar to its admission as evidence of value. We conclude that under *Williams* and *Austin*, Pressley was a qualified witness and his testimony was admissible to prove value of the stolen merchandise.

## IV.

[5]  In his fourth assignment of error, defendant contends the trial court erred by refusing the jury's request for additional instruc-

tions on the element of value. After deliberations were begun, the jury submitted three questions in writing to the trial judge. Two of the questions were, "When determining the value of the robes and slippers, is value defined as list price?" and "The term market value of the evidence was used. Please define this term for the jury." The trial judge declined to give any further instructions in response to these two questions.

As a general rule, it is not error for the court to fail to define and explain terms of common usage and meaning, absent a request for a special instruction. *State v. Jones*, 300 N.C. 363, 365, 266 S.E.2d 586, 587 (1980); *State v. Jennings*, 276 N.C. 157, 162, 171 S.E.2d 447, 450 (1970). Value is a term of common usage, and defendant did not object to the instruction given or request any special instruction on the element of value.

Defendant argues, however, that the trial judge's refusal to clarify the meaning of value for the jury constituted plain error and is thus reviewable by this Court. *See, e.g., State v. Walker*, 316 N.C. 33, 39, 340 S.E.2d 80, 83 (1986); *State v. Odom*, 307 N.C. 655, 659, 300 S.E.2d 375, 378 (1983). "In deciding whether a defect in the jury instruction constitutes 'plain error,' the appellate court must examine the entire record and determine if the instructional error had a probable impact on the jury's finding of guilt." *State v. Odom*, 307 N.C. at 661, 300 S.E.2d at 378-79. A review of the entire record in the instant case shows it is not probable that the jury's verdict would have been different if an additional instruction had been given. Evidence of value consisted of Russell's opinion, which we concluded above was properly based on the price tags, and the merchandise itself, which was obviously new. Therefore, no confusion was possible, and this assignment of error is overruled.

## V.

[6] Finally, defendant contends the trial judge erred by admitting evidence of an empty clothing rack. Defendant argues this evidence was irrelevant under Rule 402 of the N.C. Rules of Evidence and should have been excluded as prejudicial under Rule 403.

Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. G.S. 8C-1, Rule 401.

That Russell observed an empty rack in the section of the store where he knew men's robes were displayed and sold is relevant because this evidence makes it more probable that a theft had taken place. Moreover, the probative value of the empty rack outweighed any prejudice the defendant may have suffered by its admission. Testimony that robes had been removed from the rack was stricken and the jury was instructed not to consider it. We hold the trial court did not err in admitting the evidence.

For the foregoing reasons we find no error in defendant's trial.

No error.

Judges EAGLES and ORR concur.