**STATE v. FISH**

[229 N.C. App. 584 (2013)]

STATE OF NORTH CAROLINA
v.
BOBBY LEE FISH, JR., Defendant

No. COA13-11

Filed 17 September 2013

1. **Larceny—value of property taken—evidence sufficient**

   The trial court properly denied defendant's motion to dismiss charges of felony larceny and conspiracy to commit felony larceny where defendant was caught in the act of stealing boat batteries from a marine dealer. The State provided sufficient evidence of the value of the batteries with testimony from the the owner of a marine store that the fair market value of the batteries was over $1,000 at the time they were taken.

2. **Burglary and Unlawful Breaking or Entering—breaking or entering a boat—batteries stolen—functional part of boat**

   The trial court erred by denying defendant's motion to dismiss eighteen charges of breaking or entering a boat where defendant had stolen batteries from boats at a marine dealer. The larceny element of the breaking or entering must pertain to objects within the boat that are separate and distinct from the functioning boat.

3. **Larceny—felonious—conspiracy—instructions—lesser included offense**

   The trial court did not err in a prosecution for conspiracy to commit felony larceny by refusing to instruct the jury on conspiracy to commit misdemeanor larceny. The only evidence presented as to value, even taken in the light most favorable to defendant, indicated that the total value of the batteries taken was well in excess of $1,000.

Appeal by defendant from Judgments entered 9 May 2012 by Judge Beverly T. Beal in Superior Court, Lincoln County. Heard in the Court of Appeals 15 August 2013.

*Attorney General Roy A. Cooper, III by Assistant Attorney General Amanda P. Little, for the State.*

*Kimberly P. Hoppin, defendant-appellant.*

STROUD, Judge.

Bobby Lee Fish, Jr. ("defendant") appeals from judgments entered upon jury verdicts finding him guilty of felony larceny, conspiracy to commit felony larceny, and breaking or entering a boat. We reverse defendant's convictions for breaking or entering a boat for insufficient evidence, but hold that there was otherwise no error.

## I. Background

On 27 June 2011, defendant was indicted on one count of felony larceny, one count of conspiracy to commit felony larceny, and one count of injury to real property. On 6 September 2011, defendant was also indicted on eighteen counts of breaking or entering a boat. Defendant pled not guilty and the case proceeded to jury trial on 7 May 2012 in Superior Court, Lincoln County.

The State's evidence tended to show that defendant and Richard Champion agreed to steal boat batteries from Denver Marine, a boat and marine supply store in Denver, North Carolina, on 21 January 2011. In the early morning of 22 January 2011, they drove to Denver Marine, cut holes in the fence surrounding Denver Marine, and entered the property. Defendant and Mr. Champion then boarded eighteen boats and removed forty-eight batteries. Defendant removed the batteries and Mr. Champion piled them outside of the north fence. Defendant and Mr. Champion fled when they saw the police arrive, but were quickly apprehended on a nearby road. Soon after, Mr. Champion "started describing to [a police officer] how [the theft] was done." Mr. Champion then pointed out the boats from which he and defendant had stolen the batteries. At the magistrate's office, Mr. Champion gave a signed statement describing his account of the crime.

At trial, the owner of the marina, Danny McCall, testified that the batteries were worth about $6,600. He stated that "[s]tarter batteries are going to range anywhere from $99.00 to $150.00" and "[t]rawler motor batteries run anywhere from $120.00 to $350.00." At the close of the State's evidence, defendant moved to dismiss all charges for insufficient evidence. The trial court denied the motion.

Defendant then introduced testimony from one witness who stated that she drove defendant to the Denver Post Office, located next to Denver Marine and that he got into a car with Mr. Champion. After the defense presented its evidence, defendant renewed his motion to dismiss for insufficient evidence. Again, the trial court denied the motion.

During the jury charge conference, defendant requested an instruction on conspiracy to commit misdemeanor larceny as a lesser-included offense of conspiracy to commit felony larceny. The trial court rejected the request. The jury returned guilty verdicts on one count of felonious larceny, one count of conspiracy to commit felony larceny, one count of damage to real property, and eighteen counts of breaking or entering a boat.

Defendant was sentenced to eleven to fourteen months confinement for felonious larceny, a consecutive eight to ten months of confinement for conspiracy to commit larceny, and 120 days for misdemeanor injury to real property. Defendant was also sentenced to six to eight months confinement for each of the eighteen counts of breaking or entering a boat. The sentences for breaking or entering a boat were suspended and defendant was placed on supervised probation, to begin at defendant's release from custody, for a term of sixty months. Defendant was also ordered to pay restitution. Defendant gave notice of appeal in open court.

## II. Motion to Dismiss

[1] Defendant argues that the trial court improperly denied his motion to dismiss the charges of felony larceny, conspiracy to commit felony larceny, and breaking or entering a boat for insufficient evidence.

> The standard of review for a motion to dismiss is well known. A defendant's motion to dismiss should be denied if there is substantial evidence of: (1) each essential element of the offense charged, and (2) of defendant's being the perpetrator of the charged offense. Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. The Court . must consider the evidence in the light most favorable to the State and the State is entitled to every reasonable inference to be drawn from that evidence. Contradictions and discrepancies do not warrant dismissal of the case but are for the jury to resolve.

*State v. Johnson*, 203 N.C. App. 718, 724, 693 S.E.2d 145, 148 (2010) (citations and quotation marks omitted).

### A.  Felony Larceny

Defendant first contends that the trial court erred in denying his motion to dismiss the felony larceny charge. He argues that the State

failed to provide sufficient evidence that the value of the batteries exceeded $1,000 as required by N.C. Gen. Stat. § 14-72(a). We disagree.

To prove that defendant committed felonious larceny, the State must show that the value of the goods totaled over $1,000. N.C. Gen. Stat. § 14-72(a) (2011); *State v. Clark*, 208 N.C. App. 388, 396, 702 S.E.2d 324, 329 (2010), *disc. review denied*, 365 N.C. 84, 706 S.E.2d 244 (2011). The "value" indicated in N.C. Gen. Stat. § 14-72(a) is "the price which the subject of the larceny would bring in open market—its 'market value' or its 'reasonable selling price,' at the time and place of the theft, and in the condition in which it was when the thief commenced the acts culminating in the larceny." *State v. Dees*, 14 N.C. App. 110, 112, 187 S.E.2d 433, 435 (1972) (citation and quotation marks omitted). Nevertheless, "[t]he State is not required to produce direct evidence of value to support the conclusion that the stolen property was worth over $1,000.00, provided that the jury is not left to speculate as to the value of the item." *State v. Rahaman*, 202 N.C. App. 36, 47, 688 S.E.2d 58, 66 (citation, quotation marks, and ellipses omitted), *disc. review denied*, 364 N.C. 246, 699 S.E.2d 642 (2010), *abrogated in part by State v. Tanner*, 364 N.C. 229, 695 S.E.2d 97 (2010).

Here, Mr. McCall, the owner of Denver Marine, testified that the price of a starter battery ranges from $99.00 to $150.00 and the price of a trawler motor battery ranges from $120.00 to $350.00. Additionally, Mr. McCall estimated the total value of the batteries as $6,600.00.

Defendant contends that Mr. McCall testified to the replacement value of the batteries and not their fair market value. Defendant notes that Mr. McCall said thieves sell stolen battery cores for $15, while his estimates of greater value were based on the cost of new batteries.

First, although the relevant value for felonious larceny is the fair market value of the goods stolen, "the price received for stolen [goods] has no relevance to the 'market value' of those [goods]." *Dees*, 14 N.C. App. at 113, 187 S.E.2d at 435. Thus, it is immaterial that Mr. McCall testified that the value of a stolen battery core is $15.

Second, because Mr. McCall is a merchant who buys and sells boat batteries regularly, his testimony regarding the retail price of the stolen boat batteries constitutes evidence of fair market value of those batteries. *See State v. Williams*, 65 N.C. App. 373, 375, 309 S.E.2d 266, 267 (1983), *disc. review denied*, 310 N.C. 480, 312 S.E.2d 890 (1984); *see also Cudahy Foods Co. v. Holloway*, 55 N.C. App. 626, 627-28, 286 S.E.2d 606, 607 (1982) (observing that a " '[m]erchant' [is] 'a person who deals in

goods of the kind or otherwise by his occupation holds himself out as having knowledge or skill peculiar to the practices or goods involved in the transaction . . . .' " (quoting N.C. Gen. Stat. § 25-2-104(1))).

Further, we note that

> [t]he general rule in North Carolina is that a witness who has knowledge of value gained from experience, information and observation may give his opinion of the value of specific personal property. It is not necessary that the witness be an expert; it is enough that he is familiar with the thing upon which he professes to put a value and has such knowledge and experience as to enable him intelligently to place a value on it.

*Rahaman*, 202 N.C. App. at 48, 688 S.E.2d at 67 (citation, quotation marks, and brackets omitted).

The defendant in *State v. Williams*, who had been convicted of felonious possession of stolen property, contended that the State failed to provide sufficient evidence of the value of the stolen goods. *Williams*, 65 N.C. App. at 374-75, 309 S.E.2d at 267. He argued that testimony from a Sears employee regarding the selling price of the stolen goods was insufficient evidence because the " 'value' for purposes of [N.C. Gen. Stat. § 14-72] means 'fair market value' and not 'selling price' . . . ." *Id.* We held that "where a merchant has determined a retail price of merchandise which he is willing to accept as the worth of the item offered for sale, such a price constitutes evidence of fair market value sufficient to survive a motion to dismiss." *Id.* at 375, 309 S.E.2d at 267.

Similarly, we have held that testimony regarding the value of a stolen car at the time of theft from a law enforcement witness whose job required him to routinely value vehicles was sufficient to survive a motion to dismiss where the State also presented testimony from the property owner that his vehicle was in "good condition" when stolen. *Rahaman*, 202 N.C. App. at 48, 688 S.E.2d at 67.

Mr. McCall testified that as far as he knew, the batteries were in working order when stolen. Thus, there was evidence of the batteries' condition at the relevant time as well. The fact that Mr. McCall had "to replace some of them because [he] didn't know if they were good or bad" after defendant and Mr. Champion removed and possibly damaged them is irrelevant to their condition at the time they were taken.

While Mr. McCall's testimony as to the value and condition of the batteries was somewhat ambiguous, in reviewing the denial of a motion

to dismiss we consider the evidence in the light most favorable to the State. *Johnson*, 203 N.C. App. at 724, 693 S.E.2d at 148. Mr. McCall estimated the value of the batteries based on his experience as someone who regularly buys and sells boat batteries. He testified that they were in working condition as far as he knew. With this testimony, "the jury [was] not left to speculate as to the value of the item." *Rahaman*, 202 N.C. App. at 47, 688 S.E.2d at 66. We hold that the State provided sufficient evidence that the fair market value of the batteries was over $1,000 at the time they were taken. Therefore, defendant's argument is overruled.

B. Conspiracy to Commit Felony Larceny

Defendant next contends that the trial court erred in denying his motion to dismiss the conspiracy to commit felony larceny charge. He again argues that the State failed to provide sufficient evidence that the batteries were valued over $1,000. Since we have already held that the State did provide sufficient evidence of the batteries' value, this argument is also overruled.

C. Breaking or Entering a Boat

**[2]** Lastly, defendant contends that the trial court erred in denying his motion to dismiss the eighteen charges of breaking or entering a boat. He argues that the State failed to prove that the boats contained items of value. We agree.

"Proving the crime of breaking or entering into a [boat] requires a showing of 1) a breaking or entering, 2) without consent 3) into [a boat] 4) containing goods, freight, or anything of value 5) with the intent to commit any felony or larceny therein." *State v. Riggs*, 100 N.C. App. 149, 155, 394 S.E.2d 670, 673 (1990) (citation omitted), *disc. review denied*, 328 N.C. 96, 402 S.E.2d 425 (1991); N.C. Gen. Stat. § 14-56 (2011). Defendant only challenges the lack of evidence as to the fourth element—that there was something of value in the boats.

Even items of trivial value can satisfy the fourth element. *State v. McLaughlin*, 321 N.C. 267, 270, 362 S.E.2d 280, 282 (1987). Items that have been found to be "of value" include a C.B. radio, *State v. Kirkpatrick*, 34 N.C. App. 452, 456, 238 S.E.2d 615, 618 (1977), papers, a shoe bag, cigarettes, *State v. Quick*, 20 N.C. App. 589, 591, 202 S.E.2d 299, 301 (1974), a hubcap key, and a registration card. *State v. Goodman*, 71 N.C. App. 343, 349, 350, 322 S.E.2d 409, 413 (1984), *disc. review denied*, 313 N.C. 333, 327 S.E.2d 894 (1985). When the record is devoid of any evidence of items of value, however, the fourth element is not satisfied. *McLaughlin*, 321 N.C. at 270, 362 S.E.2d at 282.

This Court has stated that N.C. Gen. Stat. § 14-56 "clearly requires that the larceny element of the breaking [or] entering pertain to objects within the vehicle, separate and distinct from the functioning vehicle." *State v. Jackson*, 162 N.C. App. 695, 699, 592 S.E.2d 575, 577 (2004). In *Jackson*, the State argued that the accoutrements of a vehicle's interior, such as the "seats, carpeting, visors, handles, knobs, cigarette lighters, and radios," satisfied the fourth element. *Id.* at 698, 592 S.E.2d at 577. We disagreed and held that the key and parts of the car were not sufficient evidence to support the fourth element. *Id.* at 699, 592 S.E.2d at 578. Similarly, we have held that the tape player and speakers of a truck were not "items of value" as they are part of a functioning truck. *State v. McDowell*, ___ N.C. App. ___, ___, 720 S.E.2d 423, 425 (2011).

Here, defendant argues that the boat batteries are not "items of value" because the batteries are part of functioning boats. We agree. The evidence shows that the batteries were installed in the boats, and were detached by removing a wing nut and unclipping the attached wires. The State argues that the trawling and accessory batteries are not part of the boat because "they are removable, mobile and interchangeable." We fail to see how batteries which are hooked into a boat's electrical systems are materially different from other items we have found to be part of the functioning vehicle, such as a tape player and speakers. *See McDowell*, ___ N.C. App. at ___, 720 S.E.2d at 425. Indeed, batteries are a necessary part of a functioning boat, as they are actually attached to a boat and it cannot function without a battery, while a truck can function without a tape player and speakers. The State has not argued that the boats contained any other items of value. Therefore, the State failed to present substantial evidence that the boats contained anything of value, an essential element of breaking or entering a motor vehicle, and the trial court erred in denying defendant's motion to dismiss all eighteen counts of that offense. Accordingly, we reverse defendant's convictions for breaking or entering a boat.

### III.  Jury Instruction

[3] Defendant also argues that the trial court erred in denying his request to instruct the jury on the lesser-included offense of conspiracy to commit misdemeanor larceny.

> This Court reviews a defendant's challenge to a trial court's decision to instruct the jury on the issue of the defendant's guilt of a lesser included offense . . . on a *de novo* basis. A judge presiding over a jury trial must instruct the jury as to a lesser included offense of the crime charged where there

is evidence from which the jury could reasonably conclude that the defendant committed the lesser included offense. In determining whether the evidence is sufficient to support the submission of the issue of a defendant's guilt of a lesser included offense to the jury, courts must consider the evidence in the light most favorable to the defendant. However, if the State's evidence is sufficient to fully satisfy its burden of proving each element of the greater offense and there is no evidence to negate those elements other than defendant's denial that he committed the offense, defendant is not entitled to an instruction on the lesser offense.

*State v. Debiase*, 211 N.C. App. 497, 503-04, 711 S.E.2d 436, 441 (citations, quotation marks, and brackets omitted), *disc. rev. denied*, 365 N.C. 335, 717 S.E.2d 399 (2011). The State contends that there was no evidence to negate the element of value over $1,000 and that therefore the trial court did not err in refusing defendant's requested instruction on conspiracy to commit misdemeanor larceny.

"A criminal conspiracy is an agreement between two or more persons to do an unlawful act . . . ." *State v. Massey*, 76 N.C. App. 660, 661-62, 334 S.E.2d 71, 72, *supersedeas allowed*, 314 N.C. 672, 335 S.E.2d 325 (1985). A person who conspires with another to commit a felony "is guilty of a felony;" a person who conspires to commit a misdemeanor "is guilty of a misdemeanor." N.C. Gen. Stat. § 14-2.4 (2011). Whether a larceny is felonious or not depends on whether the goods taken have a fair market value in excess of $1,000. N.C. Gen. Stat. § 14-72(a). Thus, whether defendant would be guilty of felony conspiracy to commit larceny or misdemeanor conspiracy depends on whether the goods he conspired to take had a fair market value of more than $1,000.

Here, the evidence showed that defendant and Mr. Champion agreed to take as many batteries as they could. In the context of conspiracy to traffic in marijuana, we have held that "evidence of the cumulative quantity of controlled substance that a defendant sells in the course of a single open-ended conspiracy is sufficient to support his conviction for conspiracy to sell that quantity even though the agreement of the conspirators is silent as to exact quantity." *State v. Williamson*, 110 N.C. App. 626, 631, 430 S.E.2d 467, 470 (1993). Similarly, in the context of conspiracy to commit larceny, evidence of the cumulative value of the goods taken is evidence of a conspiracy to steal goods of that value, "even though the agreement of the conspirators is silent as to exact quantity." *Id.*

Here, the only evidence presented as to value, even taken in the light most favorable to defendant, indicated that the total value of the batteries taken was well in excess of $1,000. Mr. McCall estimated that the starter batteries—the cheapest batteries taken—were worth between $99 and $150. Defendant took eighteen starter batteries, which would be worth $1782, even using the lowest estimated value. Thus, the total value exceeded $1,000, even excluding all of the other batteries taken. Mr. McCall's testimony was the only evidence presented as to value. As mentioned above, his statement that the stolen battery cores could be sold for $15 dollars is not evidence of the fair market value of the batteries. *See Dees*, 14 N.C. App. at 113, 187 S.E.2d at 435.

Thus, "the State's evidence is sufficient to fully satisfy its burden of proving each element of the greater offense and there is no evidence to negate those elements." *Debiase*, 211 N.C. App. at 503-04, 711 S.E.2d at 441. Moreover, "[a] defendant is not entitled to an instruction on a lesser included offense merely because the jury could possibly believe some of the State's evidence but not all of it." *State v. Annadale*, 329 N.C. 557, 568, 406 S.E.2d 837, 844 (1991) (citation omitted). Therefore, we hold that the trial court did not err in refusing to instruct the jury on conspiracy to commit misdemeanor larceny.

## IV. Conclusion

For the foregoing reasons, we hold that the trial court did not err in denying defendant's motion to dismiss the charges of felonious larceny and conspiracy to commit felonious larceny. We also hold that the trial court did not err in refusing defendant's jury instruction request. We reverse the trial court's denial of defendant's motion to dismiss the eighteen counts of breaking or entering a boat. Because the trial court entered judgment for each breaking or entering conviction separately from the other charges, there is no need to remand this case for re-sentencing. *Cf. State v. Wortham*, 318 N.C. 669, 674, 351 S.E.2d 294, 297 (1987) (noting that the better practice is to remand for resentencing where one conviction in a consolidated judgment is reversed).

NO ERROR in part; REVERSED in part.

Judges CALABRIA and DAVIS concur.